Affirmed and Opinion filed June 2, 2005









Affirmed
and Opinion filed June 2, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01252-CR

_______________

 

JOHNNY JOE OLIVAREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________________________

 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 937,089

_________________________________________________________________

 

O P I N I O N

A jury
found appellant, Johnny Joe Olivarez, guilty of possession of a controlled
substance and sentenced him to fifteen years= imprisonment.  In six issues, appellant contends the trial
court erred by (1) overruling his motion to suppress, (2) failing to grant a
new trial because the State withheld exculpatory evidence, (3) failing to order
disclosure of the identity of a confidential informant, and (4) failing to
conduct a proper inquiry pursuant to Texas Rule of Evidence 508, concerning the
disclosure of a confidential informant. 
We affirm.








I.  Background

While
conducting surveillance on a drug Astash@ house, task force officers observed
a Sears van and a black Grand Prix simultaneously pull up to the house.  Several individuals transported three large,
black duffel bags from the van into the house. 
Shortly thereafter, the officers saw the driver of the Grand Prix exit
the house, place a box in the trunk of the Grand Prix, and drive away.  The police conducted a traffic stop of the
Grand Prix and obtained the driver=s consent to search the car.[1]  During the search, the officers recovered
approximately ten pounds of marijuana from the box in the trunk.

Based on
these events, the officers decided to approach the house to request consent to
search.  The officers approached the
house and knocked on the door, which was opened by appellant.  At that time, the officers could smell
marijuana.  The officers asked appellant
if he lived there, and appellant stated that he rented the house.  When the officers requested consent to
search, appellant stepped outside, closed the door behind him, and refused to
give consent.  The officers then
discussed their next course of action and decided to procure a search warrant. 

Before
issuance of the warrant, the officers knocked on the door to ascertain whether
anyone else was inside. Abel Reyes and Juan Hernandez came to the door, and the
officers explained that a search warrant for the house was being obtained.  The officers then entered the house to
determine whether any other individuals were present who could destroy evidence
or pose a threat to the officers= safety.  Upon entering the house, the officers saw
marijuana on the table and scattered on the floor, but they did not seize any
evidence.  No other occupants were found
inside.








While
awaiting issuance of the warrant, appellant, Hernandez, and Reyes were handcuffed
and placed on the couch.  Although the
officers remained in the residence, they did not conduct a search for narcotics
until receiving notice that a warrant had been signed.  When the search warrant had been signed, the
officers commenced searching the house and found a key that unlocked a padlock
on one of the bedroom doors.  In the
bedroom, the officers discovered three black duffel bags containing a large
amount of marijuana.

II. 
Motion To Suppress

In his
first three issues, appellant contends the trial court erred by denying his
motion to suppress evidence in violation of the Fourth and Fourteenth
Amendments of the United States Constitution, Article I, Section 9 of the Texas
Constitution, and Article 38.23 of the Texas Code of Criminal Procedure.[2]  We review a trial court=s ruling on a motion to suppress for
abuse of discretion.  Alvarado v.
State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993).  Accordingly, we must give great deference to
the trial court=s findings of historical facts as long as the record supports
the findings, especially when the findings are based on an evaluation of
credibility and demeanor.  Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We afford the same amount of deference to the
trial court=s ruling on Amixed questions of law and fact@ when those issues turn on an
evaluation of witnesses= credibility and demeanor. 
Id.  Where rulings on Amixed questions of law and fact@ do not turn on an evaluation of
credibility and demeanor, we review the rulings de novo.  Id. 
If the trial court=s decision is correct on any theory of law applicable to the
case, the decision must be sustained. State v. Ross, 32 S.W.3d 853, 855B56 (Tex. Crim. App. 2000).








Warrantless
searches and seizures inside a home are presumptively unreasonable.  Payton v. New York, 445 U.S. 573, 586
(1980).  However, a warrantless entry
into a home may be justified if (1) the police have probable cause, and (2)
exigent circumstances exist that make procurement of a warrant impracticable.  McNairy v. State, 835 S.W.2d 101, 106
(Tex. Crim. App. 1991).  Exigent
circumstances that may excuse an otherwise unconstitutional intrusion into a
home include (1) the need to aid persons reasonably believed to require
assistance, (2) the possible destruction of evidence, and (3) the need to
protect officers or others from perceived danger.  Id. at 107.   

Here,
appellant does not contest that the officers had probable cause to enter the
house.  Rather, appellant contends
exigent circumstances did not justify the warrantless entry.[3]  Alternatively, appellant maintains that any
exigency to enter the house was created by the officers revealing themselves to
appellant prior to obtaining a search warrant. 
See United States v. Munoz-Guerra, 788 F.2d 295, 298 (5th Cir.
1986) (holding that officers cannot base a warrantless search on an exigent
circumstance of their own creation).








Assuming,
without deciding, that the warrantless entry into the house did constitute an
illegal search, we nonetheless find that the trial court did not abuse its
discretion by denying appellant=s motion to suppress. 
Under the Fourth Amendment, evidence will not be excluded as Afruit of the poisonous tree@ unless the alleged illegality is at
least the Abut for@ cause of the discovery of the
evidence.  State v. Guo, 64 S.W.3d
662, 667 (Tex. App.CHouston [1st Dist.] 2001, no pet.).  In other words, suppression of evidence is
not required unless Athe challenged evidence is in some sense the product of
illegal governmental activity.@  Segura v. United
States, 468 U.S.796, 815 (1984) (quoting United States v. Crews, 445
U.S. 463, 471 (1980)).  In this case, the
officers discovered 110 pounds of marijuana during a search pursuant to a
warrant, the validity of which is not contested.[4]  The record is clear that the officers decided
to procure this search warrant before the initial entry into the house.  Moreover, the record reflects that the
probable cause relied upon to obtain the warrant was based on information
gathered by the officers before the initial entry into the house.  Therefore, the officers= initial entry into the house did not
contribute in any way to the discovery of the marijuana appellant was charged
with possessing.  Cf. Guo,
64 S.W.3d at 668 (holding that where information obtained from illegal
warrantless search of a briefcase was used to establish probable cause for the
warrant to search briefcase, evidence obtained pursuant to the warrant was
properly suppressed); State v. Aguirre, 5 S.W.3d 911, 914B15 (Tex. App.CHouston [14th Dist.] 1999, no pet.)
(holding that because evidence supporting search warrant was illegally
obtained, evidence recovered by executing warrant was fruit of the illegal
search).  Because the warrantless entry
was not even the Abut for@ cause of the discovery of the marijuana, the trial court did
not abuse its discretion by denying appellant=s motion to suppress.[5]

We
overrule appellant=s first, second, and third issues.

III.  Exculpatory Evidence








In his
fourth issue, appellant contends that the trial court erred by failing to grant
a new trial because the prosecution withheld favorable, material evidence.  When the prosecution withholds evidence
favorable to the defendant, due process is violated when the evidence is
material to either guilt or punishment, irrespective of the good faith or bad
faith of the prosecution.  Brady v.
Maryland, 373 U.S. 83, 87 (1963); Wyatt v. State, 23 S.W.3d 18, 27
(Tex. Crim. App. 2000).  However, there
is no general right to discovery in a criminal case, and Brady does not
create one.  See Weatherford v. Bursey,
429 U.S. 545, 559 (1977).  To invoke Brady,
the accused must present evidence that (1) the prosecution suppressed or
withheld evidence, (2) this evidence was favorable to the accused, and (3) this
evidence would have been material to the accused=s defense.  Ex Parte Kimes, 872 S.W.2d 700, 702B03 (Tex. Crim. App. 1993).  Favorable evidence is material if there is a
reasonable probability that had the evidence been disclosed to the defense, the
outcome of the proceeding would have been different.  Id. 
A reasonable probability is a probability sufficient to undermine
confidence in the outcome of the trial.  Id.  The mere possibility that undisclosed
evidence may have helped the defense or affected the trial=s outcome does not establish Amateriality@ in the constitutional sense.  Hampton v. State, 86 S.W.3d 603, 612
(Tex. Crim. App. 2002).  Whether the
evidence is material is viewed in the context of the overall strength of the
State=s case.  Id. at 613.

During
Agent Bruce Williford=s testimony, he revealed that he had prepared a report that
was not turned over to the prosecutor.[6]  Although the report is not part of the
appellate record, Agent Williford=s testimony indicates that the report
contains (1) the identity of the purchaser of utilities at the house where
appellant was arrested, and (2) registration
information on the Sears van parked at the house.  Appellant contends this information is
favorable because it tends to show that other individuals may be responsible
for the Astash@ house and the marijuana discovered
there.  








When, as
in the instant case, the alleged Brady material is discovered during
trial, the  inquiry is whether the defendant
is prejudiced by the late disclosure.  Palmer
v. State, 902 S.W.2d 561, 565 (Tex. App.CHouston [1st Dist.] 1995, no
pet.).  If the defendant receives the
material in time to put it to effective use at trial, his conviction should not
be reversed simply because it was not disclosed as early as it might or should
have been.  Id. (citing United
States v. McKinney, 758 F.2d 1036, 1050 (5th Cir. 1985)).  After Agent Williford=s report was disclosed at trial,
appellant was permitted to cross-examine Agent Williford about the contents of
the report.  The jury was made fully
aware that the utilities at the house were in the name of someone other than
appellant and that the Sears van was registered to someone other than
appellant.  Therefore, appellant received
the report in time to make effective use of it at trial.  Nonetheless, appellant contends that the late
disclosure of the report affected his ability to prepare a defense because, if
the report had been disclosed earlier, appellant could have investigated the
facts of the report and discovered exculpatory evidence on the issue of actual
care, custody, and control of the house. 
However, the mere possibility that appellant could have discovered more
information concerning care, custody, and control of the house is not
sufficient to undermine confidence in the outcome of the proceeding.








To
obtain appellant=s conviction for unlawful possession of a controlled
substance, the State was required to prove that appellant (1) exercised care,
control and management over the contraband, and (2) knew that the substance possessed was contraband.  Deshong v. State, 625 S.W.2d 327, 329
(Tex. Crim. App. 1981).  When the accused
is not in exclusive possession of the place where the contraband is found, the
State must show additional affirmative links between the accused and the contraband.  Cedano v. State, 24 S.W.3d 406, 411
(Tex. App.CHouston [1st Dist.] 2000, no
pet.).  An affirmative link generates a
reasonable inference that the accused knew of the contraband=s existence and exercised control over
it.  Johnson v. State, 658 S.W.2d
623, 627 (Tex. Crim. App. 1983).  Some
relevant factors that may affirmatively link an accused to contraband include:
(1) the defendant=s presence when a search is conducted; (2) whether the
contraband was in plain view, (3) the defendant=s proximity to and the accessibility
of the narcotic; (4) whether the defendant was under the influence of narcotics
when arrested; (5) whether the defendant possessed other contraband or
narcotics when arrested; (6) whether the defendant made incriminating
statements when arrested; (7) whether the defendant attempted to flee; (8)
whether the defendant made furtive gestures; (9) whether there was an odor of
contraband; (10) whether other contraband or drug paraphernalia were present;
(11) whether the defendant owned or had the right to possess the place where
the drugs were found; (12) whether the place where the drugs were found was
enclosed; (13) whether the defendant was found with a large amount of cash; and
(14) whether the conduct of the defendant indicated a consciousness of
guilt.  Washington v. State, 902
S.W.2d 649, 652 (Tex. App.CHouston [14th Dist.] 1995, pet. ref=d); Chavez v. State, 769
S.W.2d 284, 288B89 (Tex. App.CHouston [1st Dist.] 1989, pet. ref=d). 
The number of linking factors present is not as important as the Alogical force@ they create to prove the crime was
committed.  Gilbert v. State, 874
S.W.2d 290, 298 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d). 


In this
case, appellant clearly demonstrated his right to possess the house by
informing the officers that he rented the house when they requested consent to
search.  See Edwards v. State, 813
S.W.2d 572, 576B78 (Tex. App.CDallas 1991, pet. ref=d) (holding that statements by
defendant, and apartment manager, that defendant lived in the apartment where
drugs were found demonstrated his control over the apartment, even though no
documents, personal effects or keys were found).  Additionally, appellant exercised control
over the house by excluding the officers when they asked for consent to
search.  Therefore, appellant was
affirmatively linked to the house despite the fact that other individuals may
have had an interest in the house.

In
addition to appellant=s control over the house, there are a substantial number of
other facts and circumstances that affirmatively link appellant to the
marijuana including (1) appellant=s presence when the house was
searched, (2) marijuana being scattered throughout the house in plain view, (3)
materials for packaging and weighing drugs being scattered throughout the
house, (4) a strong odor of marijuana emanating from the house, (5) appellant=s demonstrating a consciousness of
guilt by stepping outside and closing the door when the officers requested
consent to search, and (6) the large quantity of marijuana present, which
indicated appellant had knowledge of the marijuana.








After
considering the evidence that demonstrates appellant=s control over the house, and the
evidence that affirmatively links appellant to the marijuana, we conclude that
appellant has failed show that there is a reasonable probability the outcome of
the trial would have been different had the report been disclosed earlier.[7]    

We
overrule appellant=s fourth issue.

IV. 
Confidential Informant

A.        Disclosure of Identity

In his
fifth issue, appellant contends that the trial court erred by not requiring the
State to disclose the identity of a confidential informant.  In determining whether the trial court erred
by not requiring the State to disclose an informant=s identity, we must consider all of
the circumstances of the case.  Edwards,
813 S.W.2d at 580.  We review the trial
court=s decision for an abuse of
discretion.  See Cannon v.
State, 807 S.W.2d 631, 633 (Tex. App.CHouston [14th Dist.] 1991, no pet.).








The
State has the privilege to refuse to disclose an informant=s identity.  Tex.
R. Evid. 508(a).  However, if it
appears from the evidence in the case or from some other showing that an
informant may be able to give testimony necessary to a fair determination of
guilt or innocence, Athe court shall give the public entity an opportunity to show
in camera facts relevant to determining whether the informer can, in fact,
supply that testimony.@  Tex. R. Evid. 508(c)(2).  Under Rule 508, the defendant has the burden
to make a plausible showing that an informant could give testimony necessary to
a fair determination of guilt or innocence. 
Bodin v. State, 807 S.W.2d 313, 318 (Tex. Crim. App.
1991).  The defendant is required to make
only a plausible showing of how the informant=s information may be important.  See Anderson v. State, 817 S.W.2d 69,
71 (Tex. Crim. App. 1991).  However, the
defendant must demonstrate the informant=s potential testimony would significantly
aid the defendant and mere conjecture or supposition about possible relevancy
is insufficient.  Brokenberry v. State,
853 S.W.2d 145, 148 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d). 
Only after the defendant makes a plausible showing is the trial court is
required to hold an in camera hearing to determine whether disclosure is
necessary.  Id.

During
trial, Agent Williford testified that he had received information from a
confidential informant that a Sears van was involved in drug trafficking and
that this information led the officers to begin surveillance on the house where
appellant was arrested.  Later, at a
hearing outside the presence of the jury, Agent Williford testified that the
confidential informant was not present on the day appellant was arrested for
possession of marijuana.  However, during
the hearing, the trial court prohibited appellant=s counsel from asking any further
questions about the confidential informant. 
Appellant argues that, although the trial court limited his ability to
determine the extent to which the confidential informant possessed relevant
information, he nevertheless made a plausible showing the informant=s testimony was necessary for a fair
determination of guilt or innocence.  We
disagree.

First,
appellant argues that the informant=s testimony was necessary to a fair
determination of guilt or innocence because the informant could testify
regarding  the method by which narcotics
were being distributed from the house. 
As previously discussed, to obtain appellant=s conviction for unlawful possession
of a controlled substance, the State was required to prove that appellant (1)
exercised care, control and management over the contraband, and (2) knew the
substance possessed was contraband.  Deshong,
625 S.W.2d at 239.  Thus, the relevant
inquiry in this case is whether appellant was exercising care, control and
management over the marijuana at the time of his arrest.  We are unable to conclude that the method by
which narcotics were being distributed from the house would be necessary for
determining appellant=s guilt for the charged offense.  Consequently, the trial court did not err in
refusing to order disclosure of the informant based on the first ground
asserted by appellant.








Next,
appellant contends that the informant=s testimony was necessary to a fair
determination of guilt or innocence because the informant could testify
regarding information about the house itself. 
Nevertheless, appellant does not provide supporting argument as to why
information about the house itself would be necessary for a fair determination
of guilt or innocence.  We observe that
in appellant=s motion for disclosure of the
confidential informant, appellant argued that the informant can Atestify that [appellant] had no
ownership or control over the premises . . . .@ 
However, this allegation is nothing more than mere conjecture and
speculation and, thus, is insufficient to merit an in camera hearing,
much less require the trial court to order disclosure of the informant=s identity.  See Patterson v. State, 138 S.W.3d
643, 648B49 (Tex. App.CDallas 2004, no pet.) (holding that
defendant=s argument that the informant could
have identified other occupants of residence who Acould have been responsible for the
contraband@ was nothing more than mere
conjecture or supposition unsupported by any evidence and, thus, defendant
failed to make a plausible showing of how the informant=s testimony was important).

We
conclude that appellant failed to meet his burden to demonstrate why the
informant=s identity should be disclosed, and
therefore, the trial court did not err in refusing to order disclosure of the
confidential informant.  We overrule
appellant=s fifth issue.

B.        Hearing did
not violate Rule 508

In his
sixth issue, appellant contends that the trial court erred by failing to
conduct a  proper inquiry pursuant to
Texas Rule of Evidence 508, concerning the disclosure of the identity of the
informant.  Rule 508 provides that once
the defendant makes a plausible showing that an informer may be able to give
testimony necessary to a fair determination of guilt or innocence, Athe court shall give the public
entity an opportunity to show in camera facts relevant to determining whether
the informer can, in fact, supply that testimony.@  Tex. R. Evid. 508(c)(2).

 








In this
case, after appellant sought disclosure of the confidential informant, the
trial court conducted a hearing, outside the presence of the jury, during which
appellant=s counsel questioned Agent Williford
about the confidential informant. 
Appellant=s counsel was permitted to ask whether the informant was
present at the time appellant was arrested. 
However, the trial court sustained unspecified objections by the State
when appellant=s counsel asked additional questions
about the informant.  Relying on Heard
v. State, 995 S.W.2d 317 (Tex. App.CCorpus Christi 1999, pet. ref=d), appellant contends that the trial
court violated Rule 508 by (1) failing to conduct this hearing in camera,
and (2) limiting the scope of the questions appellant=s counsel was permitted to ask.

In Heard,
the appellant was charged with murder.  Id.
at 318.  The appellant filed a motion for
disclosure of the identity of the confidential informant, Aarguing that the murder weapon was
hidden in an obscure location, and the informer=s knowledge of its whereabouts
suggested that the informer was present when the weapon was disposed.@ 
Id. at 320.  The trial
court conducted a hearing on the motion in open court.  Id. 
However, in order to protect the informant=s identity, the trial court limited
appellant=s counsel to inquiring whether or not
there was an informant, whether or not the informant was present at the scene,
and whether or not the informant was a material witness to the transaction
itself.  Id. at 321.  On appeal, the Heard court held that
the trial court erred by failing to conduct an in camera hearing.  Id. The Heard court also noted
that by limiting the scope of the appellant=s counsel=s questions, the trial court had
precluded the appellant from conducting a meaningful investigation into whether
the informant=s identity should be disclosed.  Id. 








The
facts of this case are distinguishable from Heard.  In Heard, the trial court was required
to conduct an in camera hearing pursuant to Rule 508 because the
appellant had made a plausible showing of how the informant=s testimony was important.  Conversely, in this case, appellant did not
make a plausible showing that the informant=s testimony was important.  Because appellant had not met this threshold
burden, the trial court was not required to conduct an in camera hearing.[8]  

Moreover,
nothing in Rule 508 precludes a trial court from conducting an evidentiary
hearing in open court to allow the defendant to question the State=s witness regarding the informant=s identity.  See Tex.
R. Evid. 508.  Allowing defense
counsel to ask preliminary questions concerning a confidential informant may
often be necessary to help a defendant meet his threshold burden of
demonstrating that an in camera review is warranted.  Accordingly, under the facts of this case,
the trial court=s decision to hold an open court hearing did not violate Rule
508.  Further, we are unable to conclude
that the trial court=s limitation on the scope of the questions violated any of
the provisions of Rule 508.

We
overrule appellant=s sixth issue.  Accordingly,
the judgment of the trial court is affirmed.

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Opinion filed
June 2, 2005.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore.

Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The record
does not indicate the basis for the traffic stop.





[2]  Appellant does
not analyze, argue or provide authority to establish that his protection under
the Texas Constitution exceeds or differs from that provided to him by the
Federal Constitution.  Therefore, we will
not address appellant=s state constitutional argument.  See 
Arnold v. State, 873 S.W.2d 27, 33 (Tex. Crim. App. 1993). 





[3]  Specifically,
appellant contends that (1) the warrantless entry cannot be justified as a
protective sweep incident to an arrest because no actual arrest was made until
after the search, and (2) the warrantless entry was not necessary to prevent
destruction of evidence because all of the occupants of the house were already
detained when the officers entered.   





[4]  The record
reflects that upon the initial entry into the house, the officers did view
marijuana that was scattered on the table and floor.  However, it appears that all of the marijuana
appellant was charged with possessing was discovered in three black duffel bags
in a locked bedroom, which was only searched pursuant to the warrant.  In any event, appellant acknowledges in his
brief that 110 pounds of marijuana, which is more than the 100.5 pounds that
was actually introduced into evidence, was Adiscovered
pursuant to the execution of the  search
warrant.@  





[5]  If the
officers had not entered the house, appellant could have arranged for the
removal or destruction of the marijuana, and in this sense the officers= entry could be considered a Abut for@ cause
of the discovery of the evidence. 
However, the United Supreme Court has rejected this argument because
there is no Aconstitutional right@ to
destroy evidence.  See Segura, 468
U.S. at 816.





[6]  Agent
Williford testified that he did not turn the report over to the prosecutor
because he did not believe it contained any pertinent information that was not
included in the Houston Police Department report. 





[7]  Appellant also
contends that the report could have been used for impeachment purposes.  However, appellant fails to explain how the
report constitutes impeachment evidence.





[8]  Appellant also
relies on Lary v. State, in which the trial court failed to conduct an in
camera hearing.  15 S.W.3d 581, 584B85 (Tex. App.CAmarillo
2000, pet. ref=d). However, that case is also distinguishable because
the appellant made a threshold showing that the informant would have been able
to give testimony necessary for a fair determination of guilt or innocence
because the appellant=s identity was in issue, and the informant was an
eyewitness to the offense.  Id.