**Dennis Ray VICKERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–89–208 CR.**

Court of Appeals of Texas,
Beaumont.

Nov. 28, 1990.

Hugh O'Fiel, Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

BURGESS, Justice.

A jury convicted Dennis Ray Vickers of aggravated sexual assault. After a plea of "true" to two enhancement allegations, the jury assessed punishment at life confinement in the Texas Department of Corrections.[1] Appellant raises four points of error.

Point of error one urges "the trial court erred in denying appellant's motion for a pretrial hearing as to admissibility of DNA and allowing testimony concerning DNA in violation of the Frye standard." Appellant filed a request for a pre-trial hearing "to determine the admissibility of DNA evidence in this trial". The motion requested the court hold a hearing prior to jury selection to determine the general acceptance of DNA print analysis. During pre-trial hearings the judge denied the motion but stated if requested he would reconsider at the time the experts appeared to testify. The court denied appellant's motion in limine regarding DNA print analysis evidence. Neither party discussed DNA evidence during jury selection. When the state called its expert witness, counsel for appellant stated "I would like to reurge my Frye motion." The court denied the motion.

■ First, appellant's point of error complains the trial court erred in not holding a pre-trial hearing on the admissibility of DNA evidence. A motion to suppress evidence may be heard at a pre-trial hearing on the discretion of the court. TEX. CODE CRIM.PRO.ANN. art. 28.01, § 1(6) (Vernon 1989). The question of whether to hold a pretrial suppression hearing is within the discretion of the trial court. *Writt v. State*, 541 S.W.2d 424 (Tex.Crim.App.1976). The court may elect to determine the merits of a motion to suppress evidence during the trial on the merits when proper objection is lodged. *Bell v. State*, 442 S.W.2d 716 (Tex.Crim.App.1969). Neither party discussed DNA evidence during jury selection. Appellant does not suggest how the preparation of his case was affected by not holding the hearing four days before the

---

**1.** Now the Texas Department of Criminal Justice, Institutional Division.

experts testified. We find no abuse of discretion.

■■■ Appellant made no objection to the admissibility of the DNA evidence when it was offered. No error is presented for review where the evidence is admitted without objection. *Calloway v. State,* 743 S.W.2d 645 (Tex.Crim.App.1988). Had the trial court held the pre-trial hearing on the motion to suppress and overruled the motion, appellant would not need to again object at trial, provided the motion was supported by evidence. *See Riojas v. State,* 530 S.W.2d 298 (Tex.Crim.App.1975); *Writt,* 541 S.W.2d at 426. However, the trial court declined to hear the motion. It was therefore necessary to object to preserve error.

■■■ If we accept reurging his "Frye motion" prior to the first expert taking the stand as an objection to the admission of the DNA evidence, we still find no error. The reliability of scientific evidence depends upon three factors: (1) the underlying scientific principle is valid, (2) the technique applying that principle is valid, and (3) the technique has been properly applied on the particular occasion. *Kelly v. State,* 792 S.W.2d 579 (Tex.App.—Fort Worth 1990, writ granted). Regarding the first two factors, scientific techniques must be sufficiently established to have gained general acceptance in the particular field in which it belongs. *Frye v. United States,* 293 F. 1013 (D.C.Cir.1923). *Frye* was decided as a matter of federal common law before the Federal Rules of Evidence and the Texas Rules of Criminal Evidence existed. The state notes that the Texas Court of Criminal Appeals has not adopted *Frye* in regard to DNA evidence. *Kelly* ultimately rejected the *Frye* standard and applied the "relevancy" standard. Under the relevancy standard, expert testimony based on novel scientific evidence is admitted if it is relevant and its probative value is not substantially outweighed by such dangers as the potential of the evidence to mislead the jury. Tex.R.Crim.Evid. 401–403 and 702. The state established the predicate for admissibility under either standard. Thus the question of whether *Frye* is the law in this state or if novel scientific evidence should be judged under the same rules as other evidence does not affect the disposition of this case.

Two experts testified for the state during the trial. Thus, it is possible to review their testimony to determine its admissibility. *See Zani v. State,* 758 S.W.2d 233, 246 (Tex.Crim.App.1988). The geneticist testified to development of the technique and the general medical acceptance of the DNA testing utilized in this case. The testimony of the scientist who actually conducted the test established the techniques utilized and their application in this case. Appellant did not produce expert testimony challenging the specific or general principles, procedures, and techniques applied in this case. The relevancy of locating appellant's genetic material within the victim's body cavity is undeniable. The unrefuted expert testimony established the reliability of the principle, technique and application. We find no error. Point of error one is overruled.

■■■ Point of error two avers "the trial court erred in allowing appellant to speak in court reading words spoken by the culprit in the presence of the jury." There was no objection. The victim then identified appellant as the person who committed the offense. There was no objection. Compelling the accused to give an exemplar for voice identification purposes does not violate the constitutional right against self-incrimination. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *McInturf v. State,* 544 S.W.2d 417 (Tex.Crim.App.1976). Point of error two is overruled.

■■■ Point of error three contends the trial court erred in allowing fingerprint evidence of eleven matching characteristics in violation of acceptable scientific standards. Appellant acknowledges that " 'eight points of similarity are usually considered to be the minimum requirement' " but asks this court to adopt "established scientific practices of the United Kingdom in requiring a minimum of sixteen points of similarity to conclude that two fingerprints have been matched." The fingerprint identification testimony was admitted without objection.

The fingerprint expert compared appellant's prints with those found on a doorknob at the scene. He testified he found in excess of twenty matching points of identification but only marked eleven. We find no error. Point of error three is overruled.

Point of error four claims "assuming, without deciding, that the above three grounds of error are granted, the evidence in this case is insufficient to establish beyond a reasonable doubt that the appellant perpetrated this offense." In deciding sufficiency of the evidence, all the evidence, both proper and improper, must be considered. *Faulder v. State*, 745 S.W.2d 327 (Tex.Crim.App.1987); *Livingston v. State*, 739 S.W.2d 311 (Tex.Crim. App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). The complaining witness testified the assailant beat her about the face with a hard object, expressed his intention to rape her, then penetrated her vagina with his penis and had sexual intercourse. She identified appellant as the assailant. Appellant's fingerprints and deoxyribonucleic acid were found at the scene with no plausible explanation other than that he was in the room and had sex with the complainant. Point of error four is overruled and the judgment affirmed.

AFFIRMED.