NO. 07-07-0449-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 15, 2009

_____


WILLIAM JAMES MORRELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 53106-B; HONORABLE JOHN BOARD, JUDGE

_____


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


**MEMORANDUM OPINION**


Appellant, William James Morrell, plead guilty to possession of a controlled substance enhanced by a prior felony conviction and was sentenced to twenty years confinement.  Appellant contends (1) the trial court erred by denying his motion to require

disclosure of all informants and (2) abused its discretion by granting the State's motion to strike Appellant's motion to suppress. We affirm.

**Background**

In May 2006, the Potter County Grand Jury returned an indictment against Appellant for possession of a controlled substance, methamphetamine, in an amount less than one gram with an enhancement paragraph for a prior felony conviction in Michigan. Appellant subsequently executed a waiver of his right to a jury trial.

Prior to trial, Appellant filed a motion to require the State to disclose the identity of any informant who may have participated in the alleged offense, was present when the offense was committed, or was present at the time of his arrest. Appellant asserted that a failure to do so deprived him of his right to present the informant as a witness for his defense or cross-examine the informant if produced as a State's witness. At the pretrial hearing on Appellant's motion, he produced no evidence indicating that any informant's testimony was necessary to a fair determination of his guilt or innocence at trial. Consequently, the trial court denied the motion.

Appellant also filed a motion to suppress any evidence obtained as a result of an improper investigative stop. At the pretrial hearing on Appellant's motion, the trial court granted the State's motion to strike Appellant's motion to suppress for lack of specificity.

Nevertheless, the trial court indicated that, "if something comes up later that Counsel specifically wants to object to, I'll certainly hear those objections."

At trial, Appellant indicated he wanted to plead guilty. After the trial court took Appellant's guilty plea, the State produced its only testifying witness, Officer Michael Gallegos, Amarillo City Police Department. Officer Gallegos testified that, on March 29, 2005, at approximately 8:40 p.m., he received information from an APD narcotics officer[1] that the driver of a semi-tractor trailer truck parked at Buckles Lounge was possibly in possession of narcotics. He and Officer Toby Garcia identified the truck from the informant's description. The truck was parked in a lot with no pedestrians in the area. The officers parked in front of the truck and approached Appellant who was sitting in the cab. Appellant was gathering papers and appeared nervous. At the officers' request, Appellant stepped down from the cab with his papers. As they were speaking with him, Appellant threw an object on the ground, an event captured on the officers' in-car video. The officers retrieved the object which consisted of a plastic tube wrapped in aluminum foil. The tube contained a brown rocky substance later identified as methamphetamine. Appellant was placed under arrest.

Following Officer Gallegos's testimony, the trial court accepted Appellant's guilty plea to the offense of possession of a controlled substance and his plea of true to the enhancement paragraph. Thereafter, the trial court proceeded to the punishment phase.

---

[1]The information was given to the narcotics officer by a confidential informant.

Subsequently, the trial court adjudged Appellant guilty of the offense of possession of a controlled substance, enhanced, and he was sentenced to twenty years confinement. This appeal followed.

## Discussion

Appellant contends the trial court erred by denying his motion to identify the State's informant because the informant might have been necessary to fairly determine a material issue affecting Appellant's guilt or innocence. Appellant next asserts the trial court erred when it granted the State's motion to strike his pretrial motion to suppress evidence obtained pursuant to an improper investigative stop of him by Officers Gallegos and Garcia.

### I.    Informant Identification

The State has a privilege to withhold the identity of any person who provided information relating to, or assisting in, an investigation of a possible crime. Tex. R. Evid. 508(a).[2] Appellant contends the informant's identity should have been disclosed because it was necessary to a fair determination of the issues of guilt or innocence pursuant to Rule 508(c)(2).[3] Under this exception, an *in camera* hearing by the trial court to explore whether

---

[2]For convenience, we will cite future references to the Texas Rules of Evidence simply as "Rule ___."

[3]Appellant did not implicate Texas Rule of Evidence 508(c)(3) by asserting the reliability or credibility of the informant was in question.

the informant may be a material witness is not mandatory. *Shedden v. State*, 268 S.W.3d 717, 733 (Tex.App.–Corpus Christi 2008, pet. ref'd). The accused must first establish a "plausible showing" of how the informant's testimony is necessary. S*ee Bodin v. State*, 807 S.W.2d 313, 318 (Tex.Crim.App. 1991). To meet this burden, the accused must provide more than mere conjecture or speculation; he must show the informant "participated in the offense, was present at the time of the offense or arrest, or was a material witness to the transaction." *Lary v. State*, 15 S.W.3d 581, 584 (Tex.App.–Amarillo 2000, pet. ref'd) (citing *Anderson v. State*, 817 S.W.2d 69, 71 (Tex.Crim.App. 1991)). If the accused meets this burden, the trial court must then conduct a hearing *in camera* to allow the State to rebut the accused's plausible showing. *Bodin*, 807 S.W.2d at 318-19; *Long v. State*, 137 S.W.3d 726, 732 (Tex.App.–Waco 2004, pet. ref'd) (citing *Bailey v. State*, 804 S.W.2d 226, 230 (Tex.App.–Amarillo, no pet.)).

We review the trial court's ruling on a confidential-informant motion for abuse of discretion*. Ford v. State*, 179 S.W.3d 203, 210 (Tex.App.–Houston [14th Dist.] 2005, pet. ref'd). We affirm the ruling unless the trial court's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). Further, we may not substitute our judgment for that of the trial court; rather, we must decide whether the trial court acted arbitrarily or unreasonably without reference to any guiding rules or principles. *Id.*

Appellant did not come forward with any evidence to indicate that the State's informant was necessary to fairly determine a material issue affecting Appellant's guilt or innocence either in his motion or at the hearing. No evidence, plausible or otherwise, was presented by Appellant that the informant participated in the offense, or witnessed either the offense or arrest. Neither was Appellant denied the right to cross-examine the informant prior to testifying at trial because the informant did not testify in the pretrial or trial proceedings.

At the hearing, Appellant also argued that the informant's testimony was necessary to determine whether there was sufficient, reliable information to justify an investigative stop by Officers Gallegos and Garcia. Granted Officers Gallegos and Garcia relied on the informant's information to locate Appellant's truck, however, there is no indication that the informant was otherwise linked to the offense. Therefore, his identity may remain confidential. *See Ford,* 179 S.W.3d at 210; *Long v. State*, 137 S.W.3d 726, 733 (Tex.App.–Waco 2004, pet. ref'd); *Kee v. State*, 666 S.W.2d 199, 201 (Tex.App.–Dallas 1983), *pet. dism'd improvidently granted,* 758 S.W.2d 798 (Tex.Crim.App. 1989). *See also McCray v. Illinois*, 386 U.S. 300, 311, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). Whatever the informant witnessed was not material to the evidence upon which the State relied for a conviction, *i.e.,* events witnessed by Officers Gallegos and Garcia and the evidence they seized.

Appellant failed to establish a plausible showing that the confidential informant's testimony was necessary for a fair determination of his guilt or innocence. We conclude the trial court did not abuse its discretion in denying Appellant's motion for disclosure of the confidential informant's identity. We overrule Appellant's first issue.

## II.     Motion to Suppress

A defendant may challenge the admissibility of evidence in either of two ways: (1) he may object to the admission of the evidence at the time it is offered at trial and request a hearing outside the presence of the jury; or (2) he may file a pretrial motion to suppress evidence and have it heard and ruled upon before trial. *Holmes v. State*, 248 S.W.3d 194, 199 (Tex.Crim.App. 2008).

Here, the trial court, in its discretion, declined to hear Appellant's motion to suppress during pretrial proceedings. *See* Tex. Code Crim. Proc. Ann. art. 28.01 §§ 1-3 (Vernon 2006). Article 28.01 is not mandatory but is directed to the court's discretion. *Calloway v. State*, 743 S.W.2d 645, 649 (Tex.Crim.App. 1988). The court may elect to determine the merits of the motion at the time when the subject matter of the motion is first brought before the court during trial, rather than at a pretrial hearing. *Yanez v. State*, 199 S.W.3d 293, 301 (Tex.App.–Corpus Christi 2006, pet. ref'd). When the court elects to hear the motion at trial, the accused has not been denied any right because he may raise any appropriate objection at trial. *Wade v. State*, 814 S.W.2d 763, 764 (Tex.App.–Waco 1991, no pet.).

7

In striking Appellant's motion to suppress, the trial court stated that "if something comes up later that Counsel specifically wants to object to, I'll certainly hear those objections." Because the trial court struck Appellant's pretrial motion to suppress due to form, not substance, without deciding its merits, it was incumbent upon Appellant to properly object at trial and obtain an adverse ruling in order to preserve any error. *See State v. Reed*, 888 S.W.2d 117, 119 (Tex.App.–San Antonio 1994, no pet.). When evidence of the narcotics discovered by Officers Gallegos and Garcia was offered at trial, however, Appellant did not object to its admissibility. Consequently, no error is presented for review. *See Vickers v. State*, 801 S.W.2d 214, 216 (Tex.App.–Beaumont 1990, no pet.) (citing *Calloway v. State*, 743 S.W.2d 645 (Tex.Crim.App. 1988)). Appellant's second issue is overruled.

## Conclusion

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice

Do not publish.