NO. 07-07-0449-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 15, 2009

______________________________


WILLIAM JAMES MORRELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 53106-B; HONORABLE JOHN BOARD, JUDGE

_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


MEMORANDUM OPINION


          Appellant, William James Morrell, plead guilty to possession of a controlled
substance enhanced by a prior felony conviction and was sentenced to twenty years
confinement. Appellant contends (1) the trial court erred by denying his motion to require
disclosure of all informants and (2) abused its discretion by granting the State’s motion to
strike Appellant’s motion to suppress. We affirm. 
Background
          In May 2006, the Potter County Grand Jury returned an indictment against Appellant
for possession of a controlled substance, methamphetamine, in an amount less than one
gram with an enhancement paragraph for a prior felony conviction in Michigan. Appellant
subsequently executed a waiver of his right to a jury trial.
          Prior to trial, Appellant filed a motion to require the State to disclose the identity of
any informant who may have participated in the alleged offense, was present when the
offense was committed, or was present at the time of his arrest. Appellant asserted that
a failure to do so deprived him of his right to present the informant as a witness for his
defense or cross-examine the informant if produced as a State’s witness. At the pretrial
hearing on Appellant’s motion, he produced no evidence indicating that any informant’s
testimony was necessary to a fair determination of his guilt or innocence at trial. 
Consequently, the trial court denied the motion. 
          Appellant also filed a motion to suppress any evidence obtained as a result of an
improper investigative stop. At the pretrial hearing on Appellant’s motion, the trial court
granted the State’s motion to strike Appellant’s motion to suppress for lack of specificity. 
Nevertheless, the trial court indicated that, “if something comes up later that Counsel
specifically wants to object to, I’ll certainly hear those objections.” 
          At trial, Appellant indicated he wanted to plead guilty. After the trial court took
Appellant’s guilty plea, the State produced its only testifying witness, Officer Michael
Gallegos, Amarillo City Police Department. Officer Gallegos testified that, on March 29,
2005, at approximately 8:40 p.m., he received information from an APD narcotics officer



that the driver of a semi-tractor trailer truck parked at Buckles Lounge was possibly in
possession of narcotics. He and Officer Toby Garcia identified the truck from the
informant’s description. The truck was parked in a lot with no pedestrians in the area. The
officers parked in front of the truck and approached Appellant who was sitting in the cab. 
Appellant was gathering papers and appeared nervous. At the officers’ request, Appellant
stepped down from the cab with his papers. As they were speaking with him, Appellant
threw an object on the ground, an event captured on the officers’ in-car video. The officers
retrieved the object which consisted of a plastic tube wrapped in aluminum foil. The tube
contained a brown rocky substance later identified as methamphetamine. Appellant was
placed under arrest.
          Following Officer Gallegos’s testimony, the trial court accepted Appellant’s guilty
plea to the offense of possession of a controlled substance and his plea of true to the
enhancement paragraph. Thereafter, the trial court proceeded to the punishment phase. 
Subsequently, the trial court adjudged Appellant guilty of the offense of possession of a
controlled substance, enhanced, and he was sentenced to twenty years confinement. This
appeal followed.
Discussion
          Appellant contends the trial court erred by denying his motion to identify the State’s
informant because the informant might have been necessary to fairly determine a material
issue affecting Appellant’s guilt or innocence. Appellant next asserts the trial court erred
when it granted the State’s motion to strike his pretrial motion to suppress evidence
obtained pursuant to an improper investigative stop of him by Officers Gallegos and
Garcia. 
          I.        Informant Identification
          The State has a privilege to withhold the identity of any person who provided
information relating to, or assisting in, an investigation of a possible crime. Tex. R. Evid.
508(a).


 Appellant contends the informant’s identity should have been disclosed because
it was necessary to a fair determination of the issues of guilt or innocence pursuant to Rule
508(c)(2).


 Under this exception, an in camera hearing by the trial court to explore whether
the informant may be a material witness is not mandatory. Shedden v. State, 268 S.W.3d
717, 733 (Tex.App.–Corpus Christi 2008, pet. ref’d). The accused must first establish a
“plausible showing” of how the informant’s testimony is necessary. See Bodin v. State, 807
S.W.2d 313, 318 (Tex.Crim.App. 1991). To meet this burden, the accused must provide
more than mere conjecture or speculation; he must show the informant “participated in the
offense, was present at the time of the offense or arrest, or was a material witness to the
transaction.” Lary v. State, 15 S.W.3d 581, 584 (Tex.App.–Amarillo 2000, pet. ref’d) (citing
Anderson v. State, 817 S.W.2d 69, 71 (Tex.Crim.App. 1991)). If the accused meets this
burden, the trial court must then conduct a hearing in camera to allow the State to rebut
the accused’s plausible showing. Bodin, 807 S.W.2d at 318-19; Long v. State, 137 S.W.3d
726, 732 (Tex.App.–Waco 2004, pet. ref’d) (citing Bailey v. State, 804 S.W.2d 226, 230
(Tex.App.–Amarillo, no pet.)).
          We review the trial court’s ruling on a confidential-informant motion for abuse of
discretion. Ford v. State, 179 S.W.3d 203, 210 (Tex.App.–Houston [14th Dist.] 2005, pet.
ref’d). We affirm the ruling unless the trial court’s decision was so clearly wrong as to lie
outside the zone of reasonable disagreement. See Montgomery v. State, 810 S.W.2d 372,
380 (Tex.Crim.App. 1990). Further, we may not substitute our judgment for that of the trial
court; rather, we must decide whether the trial court acted arbitrarily or unreasonably
without reference to any guiding rules or principles. Id. 
          Appellant did not come forward with any evidence to indicate that the State’s
informant was necessary to fairly determine a material issue affecting Appellant’s guilt or
innocence either in his motion or at the hearing. No evidence, plausible or otherwise, was
presented by Appellant that the informant participated in the offense, or witnessed either
the offense or arrest. Neither was Appellant denied the right to cross-examine the
informant prior to testifying at trial because the informant did not testify in the pretrial or trial
proceedings. 
          At the hearing, Appellant also argued that the informant’s testimony was necessary
to determine whether there was sufficient, reliable information to justify an investigative
stop by Officers Gallegos and Garcia. Granted Officers Gallegos and Garcia relied on the
informant’s information to locate Appellant’s truck, however, there is no indication that the
informant was otherwise linked to the offense. Therefore, his identity may remain
confidential. See Ford, 179 S.W.3d at 210; Long v. State, 137 S.W.3d 726, 733
(Tex.App.–Waco 2004, pet. ref’d); Kee v. State, 666 S.W.2d 199, 201 (Tex.App.–Dallas
1983), pet. dism’d improvidently granted, 758 S.W.2d 798 (Tex.Crim.App. 1989). See also
McCray v. Illinois, 386 U.S. 300, 311, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). Whatever the
informant witnessed was not material to the evidence upon which the State relied for a
conviction, i.e., events witnessed by Officers Gallegos and Garcia and the evidence they
seized. 
          Appellant failed to establish a plausible showing that the confidential informant’s
testimony was necessary for a fair determination of his guilt or innocence. We conclude
the trial court did not abuse its discretion in denying Appellant’s motion for disclosure of the
confidential informant’s identity. We overrule Appellant’s first issue.
          II.       Motion to Suppress 
          A defendant may challenge the admissibility of evidence in either of two ways: (1)
he may object to the admission of the evidence at the time it is offered at trial and request
a hearing outside the presence of the jury; or (2) he may file a pretrial motion to suppress
evidence and have it heard and ruled upon before trial. Holmes v. State, 248 S.W.3d 194,
199 (Tex.Crim.App. 2008).
          Here, the trial court, in its discretion, declined to hear Appellant’s motion to suppress
during pretrial proceedings. See Tex. Code Crim. Proc. Ann. art. 28.01 §§ 1-3 (Vernon
2006). Article 28.01 is not mandatory but is directed to the court’s discretion. Calloway
v. State, 743 S.W.2d 645, 649 (Tex.Crim.App. 1988). The court may elect to determine
the merits of the motion at the time when the subject matter of the motion is first brought
before the court during trial, rather than at a pretrial hearing. Yanez v. State, 199 S.W.3d
293, 301 (Tex.App.–Corpus Christi 2006, pet. ref’d). When the court elects to hear the
motion at trial, the accused has not been denied any right because he may raise any
appropriate objection at trial. Wade v. State, 814 S.W.2d 763, 764 (Tex.App.–Waco 1991,
no pet.). 
          In striking Appellant’s motion to suppress, the trial court stated that “if something
comes up later that Counsel specifically wants to object to, I’ll certainly hear those
objections.” Because the trial court struck Appellant’s pretrial motion to suppress due to
form, not substance, without deciding its merits, it was incumbent upon Appellant to
properly object at trial and obtain an adverse ruling in order to preserve any error. See
State v. Reed, 888 S.W.2d 117, 119 (Tex.App.–San Antonio 1994, no pet.). When
evidence of the narcotics discovered by Officers Gallegos and Garcia was offered at trial,
however, Appellant did not object to its admissibility. Consequently, no error is presented
for review. See Vickers v. State, 801 S.W.2d 214, 216 (Tex.App.–Beaumont 1990, no
pet.) (citing Calloway v. State, 743 S.W.2d 645 (Tex.Crim.App. 1988)). Appellant’s second
issue is overruled. 
Conclusion
          The trial court’s judgment is affirmed.
 
                                                                           Patrick A. Pirtle 

                                                                                 Justice 



Do not publish.