Kelvin Lee LARY, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–99–0237–CR.

Court of Appeals of Texas,
Amarillo.

March 21, 2000.

Sue Korioth, Dallas, for appellant.

Bill Hill, Criminal Dist. Atty., Patty Till-
man, Dallas, for appellee.

Before BOYD, C.J., and REAVIS and
JOHNSON, JJ.

JOHN T. BOYD, Chief Justice.

In nine points of asserted error, appellant Kelvin Lee Lary challenges his conviction of possession of cocaine with intent to deliver, and a deadly weapon finding. His punishment was assessed by the jury at 30 years confinement in the Institutional Division of the Department of Criminal Justice and a $5,000 fine. Finding merit in appellant's first point, we reverse the judgment of the trial court and remand the cause for retrial.

The trial evidence showed that in response to a complaint concerning drug sales, three Dallas police officers and an informant drove to Roberts Street about 7 p.m. on October 7, 1998. The officers parked about 150 yards from a vehicle with two large black men sitting on it. Without using binoculars, the officers watched for about 20 minutes. They saw several people approach the men and engage in transactions, in the course of which one or the other of the men reached into the back seat of the car for some objects that were delivered to the people who had approached.

The officers sent the informant to purchase drugs from the two men. The informant approached the pair and one of them, later identified as appellant, reached in the back seat of the car, retrieved an object, and gave it to the informant. When the informant returned, he had with him a small bag of crack cocaine. The officers left the area to meet with uniformed officers and arrange an arrest. Thus, for several minutes, there was no surveillance over the two men on the automobile. One of the surveillance officers, Zachary Kerr, accompanied the uniformed officers as they arrested appellant and an individual named Billy Barnes. Kerr identified appellant and Barnes as the two men he had seen earlier. Appellant admitted his ownership of the car and both men averred that they were working on the car and had been waiting for someone to return with a part.

Because of the suspicion created by his previous observations of the pair, Officer Kerr searched the car for drugs. He found crack cocaine under the headrest of the passenger seat and a 9 mm. pistol under the rear seat. The officers then arrested appellant and Barnes and charged them with possession of cocaine with intent to deliver.

Appellant pled not guilty and requested a jury trial to determine his guilt or innocence. On the day the case was set for trial, the State gave notice of its intent to seek a deadly weapon finding. Appellant unsuccessfully objected on the basis of the late notification. The trial then commenced with the result we have noted above. Hence, this appeal.

In his nine points challenging his conviction, appellant argues 1) the trial court erred in denying him the opportunity to ask questions about the confidential informant; 2) the trial court erred in overruling appellant's objections to the State's misstatements of the law; 3) and 4) the State's failure to give timely notice of its intent to seek a deadly weapon finding denied appellant due process and effective assistance of counsel; 5) the trial court erred in refusing his motion seeking continuance and his objection to the State's effort to seek a deadly weapon finding; 6) the trial court erred in failing to suppress his custodial statements to police; 7) the evidence was insufficient to establish appellant's identity; 8) the evidence was insufficient to establish the use or exhibition of a deadly weapon; and 9) during its closing argument, the State reversibly struck at appellant over the shoulders of his counsel.

As we have listed, appellant's first point contends the trial court erred in preventing him from questioning the State's witnesses about the confidential informant. At a pretrial hearing on appellant's motions, the State acknowledged that a confidential informant was involved but, because he would not be called as a witness, declined to divulge his identity. However,

because appellant challenged the legality of the search and the confidential informant's conduct was related to the officer's probable cause to conduct a search, the parties agreed to take the matter up outside the presence of the jury when they arose in the trial.

During his cross-examination of Officer David Larsen, appellant asked for the name of the confidential informant, prompting a successful objection by the State. When appellant later asked if there was anything to prevent the officer from bringing the informant, even in disguise, to testify and identify, the prosecutor again objected, asserting "that's privileged" and was not a matter within the officer's discretion. That objection was also sustained. These rulings are the genesis of appellant's first point.

█ The State initially responds by arguing that appellant's trial objections differ from those asserted on appeal and because of this variance, appellant has waived any complaint on this issue. As support for that argument, it points to the parties' exchange at the pretrial hearing in which defense counsel said that he wanted to avoid the introduction of any hearsay testimony from the police about statements made by a non-testifying informant. This discussion, the State reasons, was not sufficient to inform the trial court that appellant felt the informant's testimony would be necessary on the issue of appellant's identity as one of the persons committing the charged offense. We disagree.

Although it is true that appellant did not raise that particular question at the pretrial hearing, that would not prevent him from raising the question during the trial. This is particularly true inasmuch as the trial court did not make a ruling at the pretrial hearing. This situation is not analogous to those situations that arise when challenged evidence is admitted elsewhere without objection. Because the trial testimony showed the distance of the officers from the events at issue, it was clear that counsel was testing the validity of the identification of appellant and, in doing so, sought information about the informant for the purpose of establishing or disproving appellant's identity. That, of course, is the same ground he now asserts as the basis for this point.

In support of its waiver proposition, the State cites the holding in *Quebodeaux v. State*, 890 S.W.2d 532 (Tex.App.—Beaumont 1994, pet. ref'd), that an appellant's failure to seek the name of the confidential informant before trial waives any complaint. The only authority the Beaumont court cited for that holding was former Rule 52(a) of the Rules of Appellate Procedure, which dealt with the general proposition that as a prerequisite for appellate complaints, the trial court must have had the opportunity to rule upon the complaints. We have found no other case requiring such a request be made prior to trial to avoid waiver and we have found no published opinions following that holding. The application of that holding would create significant problems in a case such as this one in which the officers' trial testimony raised the question about the reliability of an identification made 150 yards away at dusk.

█ The privilege against disclosure of information about one who assists law enforcement officers in the investigation of crimes is set out in Texas Rule of Evidence 508. Subsection (a) of the rule establishes the privilege and subsection (c) provides three exceptions to the privilege. Relevant here is the second exception which reads:

> If it appears from the evidence ... that an informer may be able to give testimony necessary to a fair determination of a material issue ... on guilt or innocence in a criminal case, and the public entity invokes the privilege, the court shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony.... If the court finds that there is a reasonable

probability that the informer can give the testimony, and the public entity elects not to disclose the informer's identity, the court . . . shall, on motion of the defendant, and may, on the court's own motion, dismiss the charges as to which the testimony would relate. Tex.R. Evid. 508(c)(2).

■ This rule creates a four-step process for resolving prosecution claims of privilege for informers; namely, 1) the evidence must show that the informer may be able to give necessary evidence, 2) the prosecution must invoke the privilege, 3) the trial court must permit the prosecution to show in camera whether the witness can give the testimony, and 4) if the court determines the informer can give the testimony, and the prosecution does not disclose their identity, the charge must be dismissed.

In *Anderson v. State,* 817 S.W.2d 69 (Tex.Crim.App.1991), the court addressed the effect of Rule 508(c)(2). In doing so, it noted the common law standard formerly followed in Texas was based on *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), which held that an informant's identity must be disclosed if they participated in the offense, were present at the time of the offense or arrest, or were otherwise shown to be a material witness to the transaction. 817 S.W.2d at 71. In its explication, the *Anderson* court held the circumstances under which disclosure is required under Rule 508(c)(2) are broader than under the former doctrine. *Id.* at 71–72 (citing *Bodin v. State,* 807 S.W.2d 313, 317 (Tex.Crim.App.1991)). The court went on to hold that "[w]henever it is shown that an informant was an eyewitness to an alleged offense then certainly that informant can in fact give testimony 'necessary to a fair determination of the issues of guilt [or] innocence.' " *Id.* at 72.[1]

Although the application of Rule 508 here and the implications of its application were not as fully developed below as might be desirable, the rule is clearly applicable in this case. The evidence establishes that the informant was an eyewitness to the offense. Thus, the first step in determining the rule's applicability is met. *Anderson,* 817 S.W.2d at 72. The second step was satisfied when the prosecution invoked privilege against disclosing information about the informant. The State did not seek an in camera review to present additional facts whether the informant could give relevant testimony. Moreover, the trial court was not requested to, and did not, make a determination of whether there was a reasonable probability that the informer could give relevant testimony.

We also believe the question before the court in *Loving v. State,* 882 S.W.2d 42 (Tex.App.—Houston [1st Dist.] 1994, no pet.), is analogous and that court's disposition of the question helpful. In *Loving,* the defense satisfied the first step of Rule 508(c)(2) by making a threshold showing that the informant may be able to supply necessary testimony. *Id.* at 46. After the prosecution's assertion of privilege, the trial court held a hearing, but did not take any in camera evidence. After the hearing, the trial court refused to require disclosure of the informant's identity. *Id.*

En route to holding the trial court erred in failing to require disclosure of the informant's identity, the appellate court wrote, "appellant made a threshold showing that the confidential informant may provide

---

1. The State relies upon *Bridges v. State,* 909 S.W.2d 151, 157 (Tex.App.—Houston [14th Dist.] 1995, no pet.), holding that disclosure is only required when "the informer's potential testimony [is] shown to significantly aid appellant." Although *Bridges* also involved an informant sent to make a drug buy, that court made no effort to distinguish the standard explicated by the Court of Criminal Appeals in *Anderson,* that when an informant is an eyewitness, the informant can certainly "in fact give testimony 'necessary to a fair determination of the issues of guilt [or] innocence....' " *Anderson,* 817 S.W.2d at 72. No opinions have followed *Bridges* and, because it is inconsistent with the instruction of the Court of Criminal Appeals, we decline to follow it.

testimony necessary to a full determination of his guilt. There is no evidence in the record from which the trial court could have determined whether in fact the informant could supply that testimony." *Loving*, 882 S.W.2d at 46. In determining whether the error required reversal, the appellate court concluded, "[b]y the withholding of the name of the confidential informant, appellant was deprived of the opportunity to examine a potentially exculpatory witness" and reversal was required. *Id.*

Likewise, in this case, the identity of appellant as a culprit was contested and he made a threshold showing that the informant may have been able to provide testimony necessary to a fair determination on the issue of his identity. There was no in-camera evidence introduced from which the trial court could have reached a contrary conclusion; thus, the failure to require disclosure was erroneous. The distance between the officers and the conduct giving rise to the prosecution as well as the lapse of time when no police were watching the area made the question of appellant's identity a central issue in the trial. Thus, the withholding of the name of the informant and the failure of the trial court to make a determination that the informant's testimony was not necessary for a fair determination of the identity issue deprived appellant of the opportunity to hear the informant's testimony and deprived him of the opportunity to cross-examine the witness. That being so, we cannot conclude beyond a reasonable doubt that the error did not contribute to appellant's conviction or punishment. Tex. R.App. P. 44.2(a). We must, and do, sustain appellant's first point.

Our sustention of appellant's first point requires reversal and remand for a new trial. *See Loving, supra.* This obviates the necessity for discussion of most of appellant's remaining points. We must, however, address his seventh point challenging the sufficiency of the evidence to sustain his conviction. That is true because if the evidence is not legally sufficient, appellant is entitled to an acquittal. *Tibbs v. Florida,* 457 U.S. 31, 41, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); *Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).

The standard for determining legal sufficiency is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge in the case. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997). As we have noted, in considering the matter, all of the evidence must be considered in the light most favorable to the jury's verdict. *Johnson v. State,* 871 S.W.2d 183, 186 (Tex.Crim.App. 1993); *Chambers v. State,* 805 S.W.2d 459, 460 (Tex.Crim.App.1991). In determining a legal sufficiency question, all of the evidence must be looked at regardless of whether properly or improperly admitted. *Miles v. State,* 918 S.W.2d 511, 512 (Tex. Crim.App.1996). The same review standards apply in both direct and circumstantial evidence cases. *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984).

In *McGoldrick v. State,* 682 S.W.2d 573 (Tex.Crim.App.1985), the court explicated the State's burden in possession cases. Quoting from *Wilkes v. State,* 572 S.W.2d 538 (Tex.Crim.App.1978), the court wrote:

It has been consistently held in this State that possession means more than just being where the action is: the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband.... Therefore, there must be additional independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it

can be concluded he had knowledge of the contraband as well as control over it. . . .

*McGoldrick,* 682 S.W.2d at 578. Several subsequent cases have discussed types of affirmative links that may support possession findings. These links were well summarized in *Whitworth v. State,* 808 S.W.2d 566, 569 (Tex.App.—Austin 1991, pet. ref'd) (listing 14 such links).

Although appellant argues that none of the factors listed in *Whitworth* are present here, bearing in mind our obligation to view the evidence in a light most favorable to the prosecution, we disagree. Applicable *Whitworth* factors existent here are that the drugs, hidden under the passenger headrest, were conveniently accessible to appellant, who admitted ownership of the vehicle in which the drugs and gun were found.[2] Presuming, as we must, that the jury believed the State's evidence on the identity issue, the jury could rationally find beyond a reasonable doubt that appellant exercised control over the cocaine and knew it was contraband. The evidence is legally sufficient to support a finding that appellant possessed the cocaine with the intent to deliver.

Reiterated, having sustained appellant's first point, we must, and do hereby, reverse the judgment of the trial court and remand the cause to the trial court for retrial.

---

2. Appellant's challenge to the admissibility of this admission is irrelevant to our legal suffi-
ciency review. *Miles,* 918 S.W.2d at 512.