# NO. 12-09-00094-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEUNTE DARRELL JOHNSON,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Keunte Darrell Johnson appeals his conviction for possession of a controlled substance. In one issue, Appellant argues that the trial court should have granted his motion to conduct an in camera assessment of whether the confidential informant could offer testimony that would be helpful to him at trial. We affirm.

### BACKGROUND

On September 5, 2008, police officers obtained the search warrant for a hotel room in Tyler, Texas after a confidential informant went to the room and purchased crack cocaine. The officers executed the search warrant the same day. Inside the hotel room, the officers found Appellant along with three other individuals. They also found 49.98 grams of crack cocaine, pills, currency, razor blades, and baggies for the packaging of cocaine.

A Smith County grand jury indicted Appellant for the felony offense of possession of cocaine. The grand jury alleged that he possessed the cocaine with the intent to deliver it, that he possessed more than four grams of cocaine, and that he had two prior felony convictions. Appellant pleaded not guilty, and a jury trial was held. The jury found him guilty as charged, found the enhancement paragraphs to be true, and assessed his punishment at life imprisonment.

This appeal followed.

**DISCLOSURE OF CONFIDENTIAL INFORMANT**

In his sole issue, Appellant argues that the trial court should have conducted an in camera hearing to determine whether to compel the State to provide the confidential informant's identity and make him or her available for trial.

## Applicable Law

The state has a privilege to withhold the identity of any person who has provided information relating to, or assisting in, an investigation of a possible violation of the law. TEX. R. EVID. 508(a); *Blake v. State*, 125 S.W.3d 717, 728 (Tex. App.–Houston [1st Dist.] 2003, no pet.). A defendant may pierce this privilege if he can show that disclosure of a confidential informant is necessary to make a fair determination on the issue of guilt or innocence. *See* TEX. R. EVID. 508(c)(2). In order to compel disclosure, a defendant must first come forward with evidence to support disclosure of the confidential informant's identity. That evidence must show that the confidential informant may be able to give testimony necessary to a fair determination on guilt or innocence. *Id.*; *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). To be "necessary," the informant's testimony must "significantly aid" in the determination of guilt or innocence. *See Olivarez v. State*, 171 S.W.3d 283, 292 (Tex. App.–Houston [14th Dist.] 2005, no pet.); *Menefee v. State*, 928 S.W.2d 274, 279 (Tex. App.–Tyler 1996, no pet.).

Because the accused may not actually know the nature of the informant's testimony, all that is required is a "plausible showing" of the potential importance of the testimony. *See Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991); *Long v. State*, 137 S.W.3d 726, 732 (Tex. App.–Waco 2004, pet. ref'd). Nevertheless, conjecture or speculation about the testimony that could be provided is insufficient, and the mere filing of a motion is not sufficient to compel disclosure. *See Bodin*, 807 S.W.2d at 318; *Washington v. State*, 902 S.W.2d 649, 656 (Tex. App.–Houston [14th Dist.] 1995, pet. ref'd).

If a defendant meets the initial burden of production but the state persists in invoking the privilege, "the trial court shall give the [state] an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply" testimony necessary to a fair determination on the issue of the defendant's guilt or innocence. *See* TEX. R. EVID. 508(c)(2). The showing may be by way of affidavit or the trial court can request live testimony. *Id.* If the trial court finds that there is a reasonable probability that the confidential informant can give

necessary testimony and the state still refuses to disclose the confidential informant's identity, the trial court is empowered to "dismiss the charges as to which the testimony would relate." *Id.*

We review the trial court's ruling on a motion to disclose a confidential informant's identity for abuse of discretion. *See* ***Ford v. State***, 179 S.W.3d 203, 210 (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd). We affirm the ruling unless the trial court's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *See* ***Jones v. State***, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996); ***Montgomery v. State***, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

**Analysis**

In his motion, Appellant argued that the confidential informant's testimony was relevant, helpful to his defense, and essential to a fair determination of the relevant issues. Specifically, he argued that while he "does not know the extent of [the] CI's knowledge," it was "very plausible that the CI's [sic] could provide information as to [Appellant's] lack of involvement regarding the sale of cocaine at the residence." He also suggested that the "CI may be able to provide information as to [Appellant's] actions and statements made during the CI's purchase of the alleged cocaine," and that the informant "may be able to provide evidence that [Appellant] did not exercise custody, care, and control of the alleged cocaine." Appellant based these assertions on the affidavit the police prepared to obtain a search warrant.

As the State points out, Appellant was not charged with the delivery of cocaine that occurred when the informant purchased cocaine. Instead, he was charged with possession of the cocaine that was found when the police executed the search warrant. Appellant's arguments to the trial court as to why the court should inquire further into the State's exercise of the privilege to withhold the informant's name related to supposition that the informant could provide helpful information. Specifically, his attorney argued that the informant acknowledged having "direct knowledge of what was going on in the hotel room" and that "if the confidential informant was on the stand, he'd be able to provide evidence showing [Appellant's] lack of involvement in possessing the drugs or showing any intent [to possess the drugs.]"

Based on Appellant's showing, however, there is no basis to conclude that the confidential informant could provide testimony necessary to the determination of the material issue of whether Appellant possessed the cocaine found by the police. As the court of criminal appeals has recognized, a defendant may not actually know what the informant would testify to,

and so the showing need only raise a plausible rationale for disclosure of the informant. *See* *Bodin*, 807 S.W.2d at 318. But the evidence presented must be something more than mere conjecture or supposition. *Id.* In the *Bodin* case, the appellant presented evidence that an individual had been in the house prior to his arrest and that individual had left drugs in the house. *Id.* The defendant needed to know if that individual was the informant so that he could pursue an entrapment defense if it was, in fact, a government agent who placed the drugs in his home. *Id.*

By contrast, in this case Appellant merely postulates that the informant may have been able to testify that he did not possess the drugs in question. This conclusion was not supported by any evidence other than the search warrant affidavit, which merely describes a tangentially related narcotics transaction. Other courts that have considered similar cases have held that conclusory suppositions are not sufficient to trigger a duty in the trial court to hold an in camera hearing on the issue of disclosure of the informant. For example, in *Olivarez v. State*, 171 S.W.3d 283, 293 (Tex. App.–Houston [14th Dist.] 2005, no pet.), the court held that suggestion that the informant could testify as to the distribution of marijuana throughout the house or other "information about the house" was not sufficiently relevant to the core determination–whether the defendant possessed the drugs–to require a hearing. In *Long v. State*, 137 S.W.3d 726, 733 (Tex. App.–Waco 2004, pet. ref'd), the court held that an informant who was present at a methamphetamine laboratory the day before the police raided it did not have to be disclosed because the informant did not provide information relied upon for the conviction and there was no evidence that the informant could offer testimony necessary to a fair determination of the case. And in *Patterson v. State*, 138 S.W.3d 643, 649 (Tex. App.–Dallas 2004, no pet.), the court dismissed an argument that the informant "could have identified other occupants who 'could have been responsible for the contraband'" as nothing more than "mere conjecture or supposition unsupported by any evidence."

Appellant cites two cases, *Lary v. State*, 15 S.W.3d 581 (Tex. App.–Dallas 2000, pet. ref'd) and *Sanchez v. State*, 98 S.W.3d 349 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd), for the proposition that the informant should have been disclosed because "Appellant has demonstrated that the informant was an eyewitness to the alleged offense." We agree with Appellant that a defendant often has the right to know the identity of the informant when the informant is a witness to the criminal acts alleged in an indictment. *See*, *e.g.*, *Anderson v. State*,

817 S.W.2d 69, 72 (Tex. Crim. App. 1991); **Bodin**, 807 S.W.2d at 318; **Sanchez**, 98 S.W.3d at 356. But that scenario is not presented in this case. Appellant was not charged with the drug transaction to which the informant was a party. The informant was used to obtain the search warrant and was not a witness to the criminal act that was the subject of the trial.

We have reviewed the evidence available to the trial court at the time of its ruling. Based on that review, we hold that the court's determination that Appellant did not show that disclosure of the informant's identity was necessary to a fair determination of guilt is not outside the zone of reasonable disagreement. Therefore, the trial court did not abuse its discretion when it denied Appellant's motion to compel disclosure of the confidential informant. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.


**BRIAN HOYLE**
Justice


Opinion delivered March 24, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)