MARY'S OPINION HEADING 








NO. 12-09-00094-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

KEUNTE DARRELL
JOHNSON,              §                      APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

Keunte
Darrell Johnson appeals his conviction for possession of a controlled substance. 
In one issue, Appellant argues that the trial court should have granted his
motion to conduct an in camera assessment of whether the confidential informant
could offer testimony that would be helpful to him at trial.  We affirm.  

 

Background

On
September 5, 2008, police officers obtained the search warrant for a hotel room
in Tyler, Texas after a confidential informant went to the room and purchased
crack cocaine.  The officers executed the search warrant the same day.  Inside
the hotel room, the officers found Appellant along with three other
individuals.  They also found 49.98 grams of crack cocaine, pills, currency,
razor blades, and baggies for the packaging of cocaine.  

A
Smith County grand jury indicted Appellant for the felony offense of possession
of cocaine.  The grand jury alleged that he possessed the cocaine with the
intent to deliver it, that he possessed more than four grams of cocaine, and
that he had two prior felony convictions.  Appellant pleaded not guilty, and a
jury trial was held.  The jury found him guilty as charged, found the
enhancement paragraphs to be true, and assessed his punishment at life
imprisonment.  This appeal followed.

Disclosure of Confidential Informant

In
his sole issue, Appellant argues that the trial court should have conducted an
in camera hearing to determine whether to compel the State to provide the
confidential informant’s identity and make him or her available for trial.    

Applicable
Law

The
state has a privilege to withhold the identity of any person who has provided
information relating to, or assisting in, an investigation of a possible
violation of the law.  Tex. R. Evid.
508(a); Blake v. State, 125 S.W.3d 717, 728 (Tex. App.–Houston
[1st Dist.] 2003, no pet.).  A defendant may pierce this privilege if he can
show that disclosure of a confidential informant is necessary to make a fair
determination on the issue of guilt or innocence.  See Tex. R. Evid. 508(c)(2).  In order to
compel disclosure, a defendant must first come forward with evidence to support
disclosure of the confidential informant’s identity.  That evidence must show
that the confidential informant may be able to give testimony necessary to a
fair determination on guilt or innocence.  Id.; Bodin v.
State, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991).  To be “necessary,”
the informant’s testimony must “significantly aid” in the determination of
guilt or innocence.  See Olivarez v. State, 171 S.W.3d 283, 292
(Tex. App.–Houston [14th Dist.] 2005, no pet.); Menefee v. State,
928 S.W.2d 274, 279 (Tex. App.–Tyler 1996, no pet.). 

Because
the accused may not actually know the nature of the informant’s testimony, all
that is required is a “plausible showing” of the potential importance of the
testimony.  See Anderson v. State, 817 S.W.2d 69, 72 (Tex. Crim.
App. 1991); Long v. State, 137 S.W.3d 726, 732 (Tex. App.–Waco
2004, pet. ref’d).  Nevertheless, conjecture or speculation about the testimony
that could be provided is insufficient, and the mere filing of a motion is not
sufficient to compel disclosure.  See Bodin, 807 S.W.2d at
318; Washington v. State, 902 S.W.2d 649, 656 (Tex. App.–Houston
[14th Dist.] 1995, pet. ref’d).  

If
a defendant meets the initial burden of production but the state persists in
invoking the privilege, “the trial court shall give the [state] an opportunity
to show in camera facts relevant to determining whether the informer can, in
fact, supply” testimony necessary to a fair determination on the issue of the
defendant’s guilt or innocence.  See Tex.
R. Evid. 508(c)(2).  The showing may be by way of affidavit or the trial
court can request live testimony.  Id.  If the trial court finds
that there is a reasonable probability that the confidential informant can give
necessary testimony and the state still refuses to disclose the confidential
informant’s identity, the trial court is empowered to “dismiss the charges as
to which the testimony would relate.”  Id.  

We
review the trial court’s ruling on a motion to disclose a confidential
informant’s identity for abuse of discretion.  See Ford v. State,
179 S.W.3d 203, 210 (Tex. App.–Houston [14th Dist.] 2005, pet. ref’d).  We
affirm the ruling unless the trial court’s decision was so clearly wrong as to
lie outside the zone of reasonable disagreement.  See Jones v. State,
944 S.W.2d 642, 651 (Tex. Crim. App. 1996); Montgomery v. State,
810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  

Analysis

In
his motion, Appellant argued that the confidential informant’s testimony was
relevant, helpful to his defense, and essential to a fair determination of the
relevant issues.  Specifically, he argued that while he “does not know the
extent of [the] CI’s knowledge,” it was “very plausible that the CI’s [sic]
could provide information as to [Appellant’s] lack of involvement regarding the
sale of cocaine at the residence.”  He also suggested that the “CI may be able
to provide information as to [Appellant’s] actions and statements made during
the CI’s purchase of the alleged cocaine,” and that the informant “may be able
to provide evidence that [Appellant] did not exercise custody, care, and
control of the alleged cocaine.”  Appellant based these assertions on the
affidavit the police prepared to obtain a search warrant.  

As
the State points out, Appellant was not charged with the delivery of cocaine
that occurred when the informant purchased cocaine.  Instead, he was charged
with possession of the cocaine that was found when the police executed the
search warrant.  Appellant’s arguments to the trial court as to why the court
should inquire further into the State’s exercise of the privilege to withhold
the informant’s name related to supposition that the informant could provide
helpful information.  Specifically, his attorney argued that the informant
acknowledged having “direct knowledge of what was going on in the hotel room”
and that “if the confidential informant was on the stand, he’d be able to
provide evidence showing [Appellant’s] lack of involvement in possessing the
drugs or showing any intent [to possess the drugs.]”  

Based
on Appellant’s showing, however, there is no basis to conclude that the
confidential informant could provide testimony necessary to the determination
of the material issue of whether Appellant possessed the cocaine found by the
police.  As the court of criminal appeals has recognized, a defendant may not
actually know what the informant would testify to, and so the showing need only
raise a plausible rationale for disclosure of the informant.  See Bodin,
807 S.W.2d at 318.  But the evidence presented must be something more than mere
conjecture or supposition.  Id.  In the Bodin case,
the appellant presented evidence that an individual had been in the house prior
to his arrest and that individual had left drugs in the house.  Id. 
The defendant needed to know if that individual was the informant so that he
could pursue an entrapment defense if it was, in fact, a government agent who
placed the drugs in his home.  Id.

By
contrast, in this case Appellant merely postulates that the informant may have
been able to testify that he did not possess the drugs in question.  This
conclusion was not supported by any evidence other than the search warrant
affidavit, which merely describes a tangentially related narcotics
transaction.  Other courts that have considered similar cases have held that
conclusory suppositions are not sufficient to trigger a duty in the trial court
to hold an in camera hearing on the issue of disclosure of the informant.  For
example, in Olivarez v. State, 171 S.W.3d 283, 293 (Tex.
App.–Houston [14th Dist.] 2005, no pet.), the court held that suggestion that
the informant could testify as to the distribution of marijuana throughout the
house or other “information about the house” was not sufficiently relevant to the
core determination–whether the defendant possessed the drugs–to require a
hearing.  In Long v. State, 137 S.W.3d 726, 733 (Tex. App.–Waco
2004, pet. ref’d), the court held that an informant who was present at a
methamphetamine laboratory the day before the police raided it did not have to
be disclosed because the informant did not provide information relied upon for
the conviction and there was no evidence that the informant could offer
testimony necessary to a fair determination of the case.  And in Patterson
v. State, 138 S.W.3d 643, 649 (Tex. App.–Dallas 2004, no pet.), the
court dismissed an argument that the informant “could have identified other
occupants who ‘could have been responsible for the contraband’” as nothing more
than “mere conjecture or supposition unsupported by any evidence.”  

Appellant
cites two cases, Lary v. State, 15 S.W.3d 581 (Tex. App.–Dallas
2000, pet. ref’d) and Sanchez v. State, 98 S.W.3d 349 (Tex.
App.–Houston [1st Dist.] 2003, pet. ref’d), for the proposition that the informant
should have been disclosed because “Appellant has demonstrated that the
informant was an eyewitness to the alleged offense.”  We agree with Appellant
that a defendant often has the right to know the identity of the informant when
the informant is a witness to the criminal acts alleged in an indictment.  See,
e.g., Anderson v. State, 817 S.W.2d 69, 72 (Tex. Crim.
App. 1991); Bodin, 807 S.W.2d at 318; Sanchez, 98
S.W.3d at 356.  But that scenario is not presented in this case.  Appellant was
not charged with the drug transaction to which the informant was a party.  The
informant was used to obtain the search warrant and was not a witness to the
criminal act that was the subject of the trial.

We
have reviewed the evidence available to the trial court at the time of its
ruling.  Based on that review, we hold that the court’s determination that
Appellant did not show that disclosure of the informant’s identity was
necessary to a fair determination of guilt is not outside the zone of
reasonable disagreement.  Therefore, the trial court did not abuse its
discretion when it denied Appellant’s motion to compel disclosure of the
confidential informant.  We overrule Appellant’s sole issue.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the judgment of the
trial court.

 

 

                                                                                                Brian Hoyle

                                                                                       
             Justice

 

 

Opinion
delivered March 24, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)