FILED
May 21, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

No.03-13-00066-CR

| | | |
|---|---|---|
| MAURICE SAMUEL ARRINGTON | § | IN THE COURT OF APPEALS |
| V. | § | THIRD DISTRICT OF TEXAS |
| THE STATE OF TEXAS | § | AUSTIN, TEXAS |

## APPELLANT'S MOTION FOR REHEARING

Appellant Maurice samuel Arrington moves this Court for a rehearing of its opinion and judgment issued on March 5, 2015.

## ISSUES PRESENTED

I.   Ineffective assistance of  counsel

II.  Abuse of discretion by the trial court

III. "NOTE" Appellant has other issues presented in the original appeal brief, not to be neglected but due to deadline and appellant's loss of original brief by US Marshals during a Federal bench warrant; Appellant will file what is available and pray that this Court reviews the brief in full.

## REASON FOR REHEARING

Although this Court affirmed the trial court's conviction, Appellant believes this court erred. According to case law, Texas Law, United States law, and the Constitution; Appellant's rights have been violated.

-1-

RECEIVED
MAY 2 1 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

Opinion - Issue Number one

The reasoning of this Court is not understood by the Appellant as being determinative on the grounds of Federal, State and case law, including case law from this Court's own Justices, all of which say differently.

In Serrano v. State, 123 S.W. 3d 53, the Court of Appeals of Texas, Austin, reversed and remanded this case because the affidavit contained insufficient evidence.

Serrano is very similar to Appellant's argument as far as the evidence aspect of the case. Granted, there was no motion ever filed by Appellant's court appointed attorney to suppress the evidence due to lack of evidence. See: Lowery v. State, 843 S.W.2d 136.

In Appellant's case alike Serrano, the affidavit alleges, 'There was a reliable informer.' The affiant relied heavily upon a unidentified confidential informant. A mere conclusory statement gives the magistrate virtually no basis at all for making a judgment regarding probable cause. [I]ts actions cannot be a mere ratification of the bare conclusions of others. Gates, 462 U.S. at 239, 103 S.Ct. 2317

What appellant is arguing is; there was no substantial basis for crediting the informant's hearsay statement. Officers failed to corroborate the informant's tip except to confirm appellee's parked vehicle. The affidavit does not state the statement was against penal interest, nor repeated by other informants. There was no accurate prediction of future behavior. This tip was

alleged to be a first-hand observation, but it contained no particular level of detail regarding appellant's premises or his criminal activity. See: State v. Duarte, 389 S.W. 3d 399

Appellant's counsel should have immediately attacked the sufficiency of the affidavit by filing a motion to suppress the evidence due to the lack of evidence thereof. Even if the trial court did not agree it would have preserved the error for later review on appeal.

This was a costly error by defense counsel on Appellant's behalf. This violates Appellant's fourth amendment right to be free from unreasonable searches and seizures, and Appellant's sixth amendment right to counsel. See: Strickland, 466 US 668

The right to counsel is the right to the effective assistance of counsel. Counsel can deprive a defendant of the right to effective assistance of counsel simply by failing to render adequate legal assistance. Crim. Law § 46.4, citing Strickland.

NOTE: Several other entries of ineffective assistance are noted in the original appeal brief including:

A. Failure to file proper motions
B. Failure to object to inadmissible evidence
C. Bringing up defendant's criminal history in trial
D. Failure to produce an adversarial closing argument

On this ineffective claim appellant is requesting a new trial, suppressing the evidence from the search warrant which was obtained without probable cause.

Issue Number Two:

The trial court abused its discretion by denying appellant his sixth amendment right to face his accuser.

Defendant filed motions to disclose informant(s) and motion for discovery. Both with hopes the trial court would grant the disclosure in order for defense to properly authenticate the officer/affiant's claims of an informant, and/or to properly prepare for trial.

Defenses intent upon receiving this information would have been:

    a). To determine if there truly was an informant;
    b). To determine if informer was able to identify appellant;
    c). To determine if un-named informer was ever inside residence, and if so, when;
    d). To determine when this information was given to officer/affiant;
    e). To determine if officer/affiant and un-named informer were both pointing the finger at the same person;
    f). To determine if officer/affiant and informer's allegations match.

Rule 508(c)(2) states that once evidence is presented showing the informer may provide testimony necessary to a fair trial determination of guilt, and the state invokes the informer's privilege, the judge [shall] give the public entity a chance to show in camera whether the informer can, in fact, supply that testimony.

Since the defendant may not actually know the nature of the informer's testimony, however, he/she should only be required to make a plausible showing of how the informer's information may be important. See: U.S. v. Valenzuela-Bernal, 458 US 858, 102 S.Ct. 3440.

-4-

The trial court upon determination not to reveal the identity of the un-named informant should have held an in-camera review to determine whether or not un-named informer's testimony was necessary to the fair determination of guilt, (Bodin v. State, 807 S.W.2d 323), especially since without the officer/ affiant's "confidential informer". There were no other officers, nor informants that could corroborate officer/affiant's allegations.

Under Rule 508(c)(2), it was the trial judge's duty to give the public entity a chance to show in camera whether the informer can, in fact, supply that testimony. By this procedure not being followed, it violated appellant's due process causing an unfair trial in which appellant was not able to face and interrogate the state's only witness that allegedly could say that he/she actually saw appellant commit a crime against the State of Texas. Especially since officer/affiant has no records of his own of an independent police investigation.

There was sufficient information presented to show that the un-named informer could give testimony necessary to a fair determination of guilt. State's evidence showed that un-named informer told police appellant was in possession of drugs, was selling drugs, and that informer was inside residence with appellant. Police used information from un-named informer to procure a search warrant, which when executed, led to the discovery of cocaine and appellant was charged with possession. See: Bodin, supra.

Appellant argues that the court abused its discretion by

denying appellant the right to cross-examine the State's only real witness. Before the execution of the search warrant, there was no evidence that appellant ever committed a crime against the State of Texas, [except] the allegations of the un-named informant. There was no independent investigation notated in the affidavit itself nor presented in trial. Furthermore, there is no mention that officer/affiant knew appellant personally. Therefore, the officer/affiant himself only became a witness after the execution of the search warrant along with the other officer/witnesses that testified at trial, as to any information about the case. [Except] for the allegations of the un-named informer.

By the court not disclosing the un-named informer, appellant was deprived of a fair trial and more so the opportunity to disclose if the officer/affiant and informant's information was corroborated. Also the court failed to hold an in-camera review in which it was the court's duty to do so upon denying appellant's motion to disclose informer. This violates appellant's constitutional rights of due process, and assistance of counsel.

In order to claim a privilege not to disclose the identity of the informant, the State [must] present (in camera if necessary) facts which demonstrate that the identity is not necessary for a fair determination of the charge. Tex.R.Evid. 508 See: Lary, 15 S.W.3d 581.

Appellant request, due to fourth, sixth, and fourteenth constitutional amendment violations of due process, assistance of

-6-

counsel, unreasonable searches and seizures, and the confrontation clause, that this Appeal Court grant appellant a new trial favoring appellant's issues presented.

## CONCLUSION

With these two issues alone Appellant strongly believes that the Court of Appeals will agree that had Appellant's counsel, and the trial court acted within the guidelines of the laws of Texas and the U.S. Constitution, there is a very good chance that the out-come of Appellant's case would have been different.

## PRAYER

Appellant Maurice Samuel Arrington, accordingly prays that this Court grant him a rehearing in the above styled and numbered cause, find that his attorney Jon Jon McDurmitt was ineffective, that the trial court abused its discretion and any other issues in Appellant's original brief that the Appeals Court finds to be a violation of Appellant's rights, and grant him a new trial.

Respectfully Submitted,

Maurice Samuel Arrington
TDCJ-CID No. 1833454
Ramsey One Unit
1100 F.M. 655
Rosharon, Tx. 77583

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion For Rehearing was mailed to the following: Assist District Attorney, Mr. Bob D. Odom, P.O. Box 540, Belton, Tx. 76513 by placing said Motion in the U.S. mailbox on the Ramsey Unit on the 17th Day of December, 2015.

Respectfully,

Maurice Samuel Arrington
TDCJ-CID No. 1833454
Ramsey One Unit
1100 F.M. 655
Rosharon, Tx. 77583

-8-

e Arrington
I.D. # 1833454
) 1 unit
0 655
n Tx. 77583

al mail

Court of Appeals
for the
Third District of Texas

Jeffrey D. Kyle, Clerk

P.O Box 12547

Austin Texas, 78711-25