328-15

No.03-13-00066-CR

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 08 2015

Abel Acosta, Clerk

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

| | |
|---|---|
| MAURICE SAMUEL ARRINGTON | APPELLANT |
| Vs. | |
| THE STATE OF TEXAS | APPELLEE |

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW: Maurice Samuel Arrington, Appellant in the above styled cause, and respectfully urges this Court to grant discretionary review of the above named cause.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant request oral argument to clarify any judgments made in the determination of the above styled and numbered case.

## STATEMENT OF THE CASE

December 8, 2011, and affidavit was filed by detective Carl Pergande, with magistrate Bill Cooke. A Search and Arrest warrant was issued December 8, 2011. December 9, 2011, the search warrant was executed. Appellant was arrested approximately 6 to 8 blocks

away form premises after leaving residence. Appellant went to trial and received a 35 year sentence from the judge after being found guilty by a jury.

NO. 03-13-00066-CR

---

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS AT AUSTIN, TEXAS

---

MAURICE SAMUEL ARRINGTON                    APPELLANT

Vs.

THE STATE OF TEXAS                          APPELLEE

---

FROM THE THIRD DISTRICT COURT OF APPEALS

AT AUSTIN, TEXAS

CAUSE NUMBER 69198

---

PETITION FOR DISCRETIONARY REVIEW

---

APPELLANT, PRO-SE
MAURICE SAMUEL ARRINGTON
TDCJ-CID No.1833454
Ramsey One Unit
1100 FM 655
Rosharon, Texas 77583

ORAL ARGUMENT REQUESTED

No.03-13-00066-CR

---

MAURICE SAMUEL ARRINGTON

Vs.

THE STATE OF TEXAS

---

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS AT AUSTIN, TEXAS

---

The undersigned Appellant certifies that the following listed persons have an interest in the outcome of this case. this listing is made so that the judges of this Court may evaluate possible disqualification or recusal.

1. MAURICE SAMUEL ARRINGTON - APPELLANT
2. DUANE GRAEFF - ATTORNEY AT PRE-TRIAL FOR DEFENDANT
3. JON JON DURMITT - ATTORNEY AT TRIAL FOR DEFENDANT
4. HONORABLE MARTHA JANE  TRUDO - PRE-TRIAL COURT JUDGE
5. HONORABLE FANCY JEZEK - TRIAL COURT JUDGE
6. MICHEAL WALDMAN - ATTORNEY FOR THE STATE
7. CLERENCE TERRY CLARK - ATTORNEY FOR THE STATE
8. HONORABLE HENRY LOUIS GARZA - DISTRICT ATTORNEY FOR THE STATE (APPEAL)
9. BOB DOYLE - ATTORNEY FOR THE STATE (APPEAL)

Maurice Samuel Arrington
TDCJ-CID No.1833454
1100 FM 655
Rosharon, Texas 77583

# TABLE OF CONTENTS

1. <u>Bailey v. US</u>, 133 S.Ct. 1031

2. Crim. Law § 46.3

3. Crim. Law § 46.4

4. <u>Il. v. Gates</u>, 462 US at 239

5. <u>Lary v. State</u>, 15 S.W.3d 581

6. <u>Lowery v. State</u>, 843 S.W.2d 136

7. <u>Moran v. State</u>, 213 S.W.3d 917

8. <u>Rhode Island v. Innis</u>, 446 US 291

9. <u>Serrano v. State</u>, 123 S.W.3d 63

10. <u>State v. Duarte</u>, 389 S.W.3d 399

11. <u>Stone v. State</u>, 17 S.W.3d 348

12. <u>Strickland v. Washington</u>, 466 US 668

13. Tex. C.C.P. art. 38.23

14. Tex. R. Evid. 609(c)2

15. Tex. R. Evid. 609(B)

16. <u>US v. Blackburn</u>, 9 F.3d 353

ISSUE NUMBER ONE: (A) INEFFECTIVE ASSISTANCE OF COUNSEL

## SUMMARY OF ISSUE

Before the execution of the search warrant December 9, 2011, Appellant was observed by officers entering premises to be searched then leave. Approximately 5 to 7 blocks away from premises, officers conducted a stop of Appellant at gun point, handcuffed Appellant, and placed Appellant in the back seat of a police car. Approximately 15 to 20 minutes later detective Pergande questioned Appellant about multiple addresses without reading Miranda warnings. A search team was then dispatched and assembled to conduct a search of the premises.

## REVIEW OF ISSUE

A person may not be detained incident to the execution of a search warrant unless the person is within the immediate vicinity of the premises to be searched. Bailey v. U.S., 133 S.Ct. 1031; Detentions incident to the execution of a search warrant are reasonable under the Fourth Amendment because the limited intrusion on personal liberty is out weighed by the special law enforcement interest at [133 S.Ct. 1043] stake. Once an individual has left the immediate vicinity of a premises to be searched, however, detention [must] be justified by some other rationale. Supreme Court §19

Secondly, suspects must be informed of their Fifth Amendment rights once they are in custody. Any statement made by a suspect in custody before he/she is aprised of these rights will be

-1-

inadmissible. These rights must be presented to the suspect due to the fact that the U.S. Supreme Court has held that being interrogated while in custody is an inherently coercive situation. In Texas [must] be informed of their Miranda Warnings, Bailey Tex. C.C.P. Art.38.23. Interrogation is referred to as questioning initiated by law enforcement officers - either direct questioning or its functional equivalent. The term interrogation refers not only to express questioning, but also to any words or actions on part of police (other than those normally attendant to arrest and custody). e.g., "(routine booking questions") that police should reasonably expect to elicit an incriminating response. Rhode Island v. Innis, 446 U.S. 291, Moran v. State, 213 S.W.3d 917, C.C.P. art. 38.21.

## ARGUMENT

Appellant argues that attorney Jon Jon McDurmitt was ineffective for not filing a motion to suppress evidence of alleged statements given to detective by Appellant due to an illegal arrest, the failure or detective to aprise Appellant of his Miranda right, [and] the lack of evidence of the alleged statements since statements were not recorded or video taped. Legally, the statements were not admissible in Court, and were harmful to Appellant since there was no evidence of the statements and Appellant couldn't even remember if he had even made the statements. The admission of these statements uncontested by attorney harmed Appellant's credibility in trial, and violated Fifth Amendment Constitutional right of Appellant.

-2-

ISSUE NUMBER ONE: (B) INEFFECTIVE ASSISTANCE OF COUNSEL

## SUMMARY OF ISSUE

Upon viewing the affidavit for the search warrant it is noticed by Appellant that the affidavit for the search warrant contained limited information involving Appellant. In the affidavit, the information contained is:
(1) Detectives Credentials
(2) Name and Address of Appellant
(3) Statement from un-named informer
(4) Officers belief
(5) Background check of Appellant
(6) Description of Appellant's parked vehicle

## REVIEW OF ISSUE

In Serrano v. State, 123 S.W.3d 53, the Court of Appeals of Texas, Austin, reversed and remanded this case because the affidavit contained insufficient evidence.

Serrano is very similar to Appellant's case. Granted, there was no motion ever filed by Appellant's court appointed attorney to suppress the evidence due to lack of evidence.

In Appellant's case alike Serrano, and Lowery v. State, 843 S.W.2d 136, the affidavit alleges, there was a reliable informer. The affiant relied heavily upon an unidentified confidential informant, in which the affidavit states the informer merely states "Appellant is in possession of cocaine and is selling cocaine." A mere conclusory statement gives the magistrate virtually no basis at all for making a judgment regarding probable cause. [I]ts actions cannot be a mere ratification of

-3-

the bare conclusions of others. <u>Gates</u>, 462 U.S. at 239, 103 S.Ct. 2317.

## ARGUMENT

Appellant's attorney Jon Jon McDurmitt, should have immediately attacked the sufficiency of the affidavit by filing a motion to suppress the evidence obtained from it, due to the lack of evidence presented on the face of the affidavit. <u>Strickland</u> This was a costly error by defense attorney on Appellant's behalf. The issuance and the execution of the search warrant stemming from the affidavit which did not contain probable cause was a violation of Appellant's Fourth Amendment Constitutional right to be free from unreasonable searches and seizures.

What Appellant is arguing is; there was no substantial basis for crediting the informant's hearsay statement. Officers failed to corroborate the informant's tip except to confirm Appellant's parked vehicle, which was consistent with innocent activity. The affidavit does not state the statement was against penal interest, nor repeated by other informants. There was no accurate prediction of future behavior. This tip was alleged to be a first hand observation, but it contained no particular level of detail regarding Appellant's premises or his criminal activity. <u>State v. Duarte</u>, 389 S.W.3d 399.

It was defense counsel's duty to pay attention to this and file motion to suppress the evidence due to lack of probable cause. By not doing so counsel denied Appellant the opportunity of a possible dismissal of the charges due to an unreasonable

-4-

search and seizure which violated Appellant's Fourth Amendment Constitutional right. Furthermore, by counsel not objecting to the validity of the affidavit the issue was not preserved for appeal only leaving Appellant an open door under ineffective assistance. Strickland

ISSUE NUMBER ONE: (C) INEFFECTIVE ASSISTANCE OF COUNSEL

## SUMMARY OF ISSUE

Appellant's court appointed Jon Jon McDurmitt, failed to file motions to disclose informant(s) and for exculpatory evidence during pre-trial, and also upon Appellant's previous filing of these motions, failed to follow through with them. Also upon Court's denial to disclose the identity of the informants, Appellant's attorney failed to motion the Court to perform an in-camera review or motion the Court to dismiss the charges upon denial of disclosure, and in-camera review.

## REVIEW OF ISSUE

If it appears from the evidence... that an informer may be able to give testimony necessary to a fair determination of a material issue... on guilt or innocence in a criminal case, and the public entity invokes the privilege, the Court shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can in fact supply that testimony if the Court finds that there is reasonable [15 S.W.3d

584] probability that the informer can give the testimony, and the public entity elects not to disclose the informers identity, the Court... [shall], on motion of the defendant, and may, on the Courts own motion, dismiss the charges as to which the testimony would relate. Tex. R. Evid. 508(c)2, Lary v. State, 15 S.W.3d 581.

The Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial, since access to counsels skill and knowledge is necessary to accord defendant's the ample opportunity to meet the case of the prosecution to which they are entitled. Crim. Law § 46.3, Right to Counsel. A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribune for resolution of issues defined in advance of the proceeding. Trial § 1 - Fair Trial. The right to counsel is the right to effective assistance of counsel. Crim. Law § 46.4 counsel-effectiveness. Counsel can deprive a defendant the right to effective assistance of counsel simply by failing to render adequate assistance. Crim. Law § 46.4, "see" Strickland v. Washington, 466 U.S. 668

## ARGUMENT

Appellant argues that attorney Jon Jon McDurmitt was ineffective for (1) not filing a motion to disclose informant(s), (2) Not following up on Appellant's previous motion to disclose informant(s). Upon Court's denial of the motion to disclose informant(s), attorney should have moved the Court to perform an in-camera review to determine if disclosing the informer was

-6-

necessary for a fair determination at trial, and if trial court refused; motion the court to dismiss charges against Appellant from which the informer testimony would relate. Furthermore, the trial court may argue that it was not necessary to disclose the informer because the court would not be using testimony from the informer to aide in procuring a conviction. That would be false due to the fact that the members of the jury were given copies of the affidavit in support of the search warrant with the allegations of the informer to the affiant that Appellant "Is in possession of cocaine, is selling cocaine and that informer was in the residence with" Appellant. That alone [is] testimony. Testimony from an unidentified person, whose identity was unavailable to the Appellant prior to, or during trial in order for Appellant to prepare a defense. Trial counsel for Appellant should have objected and asked the Court then in trial to declare a mistrial due to the fact that the informers testimony had been elicited to the jury and defense had no way to cross examine the witness that was undisclosed by the Court.

ISSUE NUMBER ONE: (D) INEFFECTIVE ASSISTANCE OF COUNSEL

## SUMMARY OF ISSUE

Counsel was ineffective for eliciting testimony regarding prior aggravated Battery Conviction that could not have been mentioned otherwise.

## REVIEW OF ISSUE

In <u>Stone v. State</u>, 17 S.W.3d 348 2000 Tex.App. Lexis 2496. Appellant's conviction was reversed and case remanded, because record showed ineffective assistance of counsel. Court held, under facts of case, counsel's decision to elicit testimony regarding prior murder conviction could bot be considered reasonable trial strategy, so counsel's performance was deficient representation that fell below objective standard of reasonableness.

Texas Rule of Evidence 609(b) states that evidence of a prior conviction may not be used for the purpose of attacking the credibility of a witness if more than ten years has elapsed since the date of the conviction unless the court determined, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effects.

It is common practice for a defense attorney to elicit from his own client evidence regarding a prior conviction when counsel knows or reasonably believes that if he does not bring it up first, the State will. The belief is that getting the issue out first will "pull the sting" from the impact of its coming from the State. However, in this case, the State could not have introduced evidence of Appellant's prior conviction. The Court would have been required to make that ruling under the applicable law <u>609(b)</u>.

## ARGUMENT

-8-

Appellant is arguing that counsel's performance was deficient because there was no need for him to elicit the testimony regarding the prior aggravated battery on a police officer from him, and in doing so diminished Appellant's credibility. Appellant contends that while it is a common trial tactic, when a defendant who has been earlier convicted of a felony is going to testify, to admit to his prior conviction before the State hammers him with it on cross examination. Such reasoning does not apply here in that the State could not have used the conviction to impeach his credibility, because the conviction was too remote in time under Texas Rule of Evidence 609(b) (vernon Supp.2000). However, evidence of a conviction is not admissible under this rule if the date of conviction or the release of the witness from confinement is more than 10 years earlier, whichever is the later date in which, Appellant was released from confinement in May of 2001 and trial was commenced at the end months of 2012, well over eleven years.

ISSUE NUMBER TWO: ABUSE OF DISCRETION

## SUMMARY OF ISSUE

Appellant filed motions in order to obtain the identity of the informant(s) involved in Appellant's case in order to in trial interrogate to establish the credibility, the truthfulness and the accuracy of the informer(s) allegation. The Court denied Appellant's motion without requiring the public entity to perform

an in camera review to determine rather the informer(s) identity was necessary to the fair determination of guilt/innocence.

## REVIEW OF ISSUE

Tex. R. Evid. 508(a) of the rule establishes the privilege and Tex. R. Evid. 508(c) provides three exceptions to the privilege. Relevant here is the sound exception which reads: If it appears from the evidence that an informer may be able to give testimony necessary to a fair determination of a material issue on guilt or innocence in a criminal case, and the entity invokes the privilege, the court shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony. If the court finds that there is a reasonable probability that the informer can give the testimony, and the public entity elects not to disclose the informers identity, the court shall on motion of the defendant, and may, on the court's own motion, dismiss the charges as to which the testimony would relate.

Whenever it is shown that an informant was an eyewitness to an alleged offense then certainly that informant can in fact give testimony necessary to a fair determination of the issues of guilt or innocence. Lary v. State, 15 S.W.3d 581, 2000 Tex.App. Lexis 1811

This rule created a four step process for resolving prosecution claims of privilege for informers; namely, (1) the evidence must show that the informer may be able to give necessary evidence, (2) the prosecutor must invoke the privilege,

-10-

(3) the trial court must permit the prosecution to show in camera whether the witness can give testimony, and (4) if the court determines the informer can give testimony, and the prosecution does not disclose their identity, the charge must be dismissed.

## ARGUMENT

The withholding of the name of the informant and the failure of the trial court to make a determination that the informant's testimony was not necessary for a fair determination of the identity issue deprived Appellant of the opportunity to hear the informant's testimony and deprived him the opportunity to cross examine the witness. See Lary, supra. That is true because if the evidence is not legally sufficient, Appellant is entitled to an aquittal.

Appellant contends, trial court erred in not holding an in camera review after denying Appellant's motion to disclose informants. In doing so the court denied Appellant a fair trial. Informant was a eye witness to criminal activity, gave a statement to police about criminal activity and was in a residence during criminal activity. Furthermore, the information given to police by informant assisted police to procure a search warrant in which drugs were found and Appellant was arrested, and charged. This is a reversible error as it is volative to Appellant's fourteenth Amendment Constitutional Rights to be confronted by witnesses against him.

Furthermore trial court erred in allowing the written testimony of the Informant into the hands of the jury upon not

-11-

disclosing the informer. The members of the jury were given copies of the affidavit in support of the search warrant which states the Informant told affient that he/she was in the residence with Appellant and that Appellant "is in possession of cocaine and is selling cocaine". This is considered testimony. Rather it is written or spoken by the Detective or the Informant, The jury sees it as information from [another] witness. A witness who's testimony was underhandedly [used] in the trial proceeding by the prosecution by simply not mentioning the statement of the Informant , but by giving the jury a legal document to read of the Informants allegations,and denying Appellant the right to cross examine the allegations.

ISSUE NUMBER THREE: Appellant contends that his conviction was based on perjured testimony given by detective Pergande who played a major roll as a state's witness. This perjured testimony prejudiced Appellant as it gave the jury an untruthful visual of the events that may or may not have taken place which caused Appellant's trial to be unfair.

CONTRADICTING STATEMENTS FOUND IN

TRIAL TRANSCRIPTS

A. Volume 6, p.42, line(s) 19-25, p.43 line(s) 1-5
B. Volume 7, p.20, line(s) 19-22

Originally in volume 6 Pergande states he got the keys from Wilburn at the initial traffic stop. In volume 7 Pergande's story changes. At the initial traffic stop the keys were confiscated,

and Appellant did not have [any] keys. So the only way for Pergande to leave the initial traffic stop, and then come back to inform Wilburn he would also be under arrest would be if he used Wilburn's keys to unlock the door.

A. Volume 6, p.39 line(s) 14-19

B. volume 7, p.14 line(s) 13-25

Once Pergande realizes the [possibility] that the defense may have radio transmissions, his story changes as to alerting of TRU/SWAT members. These are two completely different stories which in no way could be misstatement showing that Pergande was trying to cover something up.

A. Volume 6, p.36, line(s) 6-14

B. Volume 6, p.39 line(s) 14-19

First Pergande states he "didn't see Maurice Arrington on the particular date". (Referring to December 8, 2011) Then his story changes to say he did see Appellant with two females enter the apartment for a short period of time. Pergande already stated he had not see Appellant on December 5, or 6, of 2011. December 7, 2011 is the day Pergande alleged to have gotten Appellant's address and statement from the confidential informant, where as Pergande stated he then drove past the apartment and he "did see a red SUV type vehicle parked outside". This said in (affidavit for search warrant), where as there was no mention of this alleged observation, of two females December 8, 2011. Pergande stated he did not see Appellant that day so they waited until the nest day and he had another detective from his office conducting surveillance. The only time Appellant was mentioned being seen

-13-

December 9, 2011 was by detective Mallow who notified Pergande that Appellant was with another [male] carrying groceries to the apartment.

A. Volume 6, p.43, line(s) 4-5

B. Volume 6, p.100, line(s) 5-10

Statements inconsistent as to when Pergande arrived to the execution of the search warrant.

A. Volume 6, p.37, line(s) 17-24

B. Volume 7, p.48, line(s) 7-12

C. Volume 6, p.93, line(s) 3-11

Detective Pergande is right about the small window of opportunity driving by a 12-15 foot space (which is actually more accurate at 10-12 foot space) would give him to look in. With detective Mallow stating Pergande told him he saw Appellant [walking up the stairs], in such a small window of space not wanting to be noticed, there was no wy to watch Appellant go all the way up the stairs to the end of the balcony [and] watch Appellant unlock the door.

The Court of Appeals will not permit a conviction based on testimony tainted by perjury. U.S. v. Blackburn, 9 F.3d 353

To obtain reversal on grounds that government relied on perjured testimony, defendant must show that (1) contested statements were actually false, (2) that there were material and (3) that the government knew they were false.

(1). The contested statements are all contradicted by the detective's own words. The trial transcripts prove an array of inconsistent statements and allegations made by the detective.

-14-

There is no guarantee that any of the statements are true, but there [is] a guarantee that at least one of the statements in each of the above contested statements was made with a reckless disregard for the truth.

(2). The detective was the only [physical] witness the prosecution had to depend on to point the finger at Appellant. No other officer could testify to Appellant doing any wrong. All of the other officers were only witnesses as to the evidence aquired at the execution of the warrant. And Appellant has not seen any evidence that other officers did anything but their job. Detective Pergande, being the only [physical] witness against Appellant told multiple conflicting stories in order to either cover up his own wrong doings, or to inflame the jury against Appellant to secure a conviction. The perjured testimony was material because the testimony of an officer is perceived by the jury to be evidence and evidence tells a story which in this situation can incarcerate a person or set them free.

(3). The government/State knew that the statements were untrue. (1) Police/Detectives are state employees therefore, they are a part of the state and if the officer is giving false testimony, being part of the state, then the state knows. (2) A prosecutor holding trial knows when his only witnesses story changes, and being an officer of the state himself, it should be his [duty] to correct the issues and not push for a conviction knowing his evidence is tainted.

15

## CERTIFICATE OF SERVICE

I here by certify that on July 6, 2015, a true and correct copy of the Appellant's P.D.R was mailed to the attorney for the State by U.S First Class Mail addressed to Henry Garza, District Attorney, P.O. BOX 540 Belton, Texas 76513-0540

_____
Maurice Samuel Arrington
Appellant Pro-Se

I, Maurice Samuel Arrington, TDCJ No.1833454, being presently incarcerated in the Ramsey One unit of the Texas Department of Criminal Justice - Institutional Division, in Brazoria County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct.

Executed in this the 6th day of July 2015.

_____
Maurice S. Arrington
TDCJ-CID No.1833454

NO. 03-13-00066-CR

Maurice Samuel Arrington, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NO. 69198, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

MEMORANDUM OPINION

A jury found appellant Maurice Samuel Arrington guilty of possession with intent to deliver a controlled substance weighing four grams or more but less than 200 grams. Punishment was assessed at thirty-five years in the institutional division of the Texas Department of Criminal Justice. We will affirm the judgment.

Appellant's court-appointed appellate attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds on the merits to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988). Appellant himself filed a pro se brief raising fourteen issues containing an array

of complaints including errors in admitting and excluding evidence, prosecutorial misconduct, ineffective assistance of counsel, and judicial bias.

We have reviewed the record, including the appellate briefs filed by counsel and appellant pro se. We agree with counsel that the record presents no arguably meritorious grounds for review and that the appeal is frivolous. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Appellant's counsel's motion to withdraw is granted. The judgment of conviction is affirmed. *See* Tex. R. App. P. 43.2(b).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Puryear and Pemberton

Affirmed

Filed: March 5, 2015

Do Not Publish

2